ANNE E. LOPEZ            7609
Attorney General of Hawai'i

PATRICK K. KELLY         7290
STUART N. FUJIOKA        4223
Deputy Attorneys General
Dept. of the Attorney General
465 S. King Street, Suite 300
Honolulu, Hawai'i  96813
Telephone:  (808) 587-2992
Email:  patrick.k.kelly@hawaii.gov
        stuart.n.fujioka@hawaii.gov

Attorneys for Defendants
STATE OF HAWAI'I; DEPARTMENT
OF TRANSPORTATION, STATE OF
HAWAI'I; and EDWIN SNIFFEN, in his
official capacity as Director of the
Department of Transportation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HELICOPTER ASSOCIATION INTERNATIONAL, SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAI'I,<br><br>                       Plaintiffs,<br><br>      v.<br><br>STATE OF HAWAI'I; DEPARTMENT OF TRANSPORTATION, STATE OF HAWAI'I; and EDWIN SNIFFEN, in | CIVIL NO. 1:23-CV-00083-LEK-WRP<br><br>DEFENDANTS STATE OF HAWAI'I; DEPARTMENT OF TRANSPORTATION, STATE OF HAWAI'I; AND EDWIN SNIFFEN'S REPLY MEMORANDUM IN SUPPORT OF THEIR 5/12/23 MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FRCP RULES 12(b)(1) and 12(b)(6) [DKT. 21]; CERTIFICATE OF COMPLIANCE WITH WORD COUNT; CERTIFICATE  OF SERVICE |

his official capacity as Director of the
Hawaii Department of Transportation,

Defendants.

Hearing:

Date:   September 29, 2023
Time:   9:45 A.M.
Judge:  Leslie E. Kobayashi

**DEFENDANTS STATE OF HAWAIʻI; DEPARTMENT OF
TRANSPORTATION, STATE OF HAWAIʻI; AND EDWIN SNIFFEN'S
REPLY MEMORANDUM IN SUPPORT OF THEIR 5/12/23
MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER
FRCP RULES 12(b)(1) and 12(b)(6) [DKT. 21]**

Defendants/Movants STATE OF HAWAII (State), HAWAII

DEPARTMENT OF TRANSPORTATION (HDOT) and EDWIN SNIFFEN, in his

official capacity as Director of the Hawaii Department of Transportation (the

Director), collectively referred to as "Defendants" or "Movants," through counsel

above-named, hereby submit their response to Plaintiffs' Memorandum in

Opposition to Motion to Dismiss First Amended Complaint Under FRCP Rules

12(b)(1) and 12(b)(6).

I.    Plaintiffs Concede that Counts I-IV Against the State Should Be Dismissed.

As a threshold matter, Plaintiffs concede that Counts I-IV against the State

are barred by the Eleventh Amendment.  All parties therefore agree that

Defendants' Motion to Dismiss should be granted as to those claims.  Additionally,

it remains Movants' position that Counts I-IV of the FAC should be dismissed as to

the Director and Count V should be dismissed as to all Movants/Defendants.

II.     <u>Contrary to Plaintiffs' Suggestion, This Dispute Is Not Ripe</u>.

As Defendants explained in their Motion to Dismiss, Plaintiffs' claims are neither constitutionally ripe nor prudentially ripe.  Plaintiffs' arguments to the contrary miss the mark.  For example, in their Opposition Plaintiffs suggest that this case is prudentially ripe because "[w]ith respect to the fitness of the issues for judicial review, legal questions that require little factual development are more likely to be ripe" and that "[t]he question of preemption is generally a legal question that does not require factual development."  Opposition at 20 (quotation omitted).

Contrary to Plaintiffs' assertion (Opposition at 21), Plaintiffs' challenge in this litigation is not to Act 311 itself.  Rather, Plaintiffs are challenging administrative rules that have not yet been approved or implemented.  Act 311 itself does not require Plaintiffs to do anything, nor does it impose any burdens on Plaintiffs (or any regulated entities) of any kind whatsoever.  Plaintiffs' Opposition incorrectly asserts that Act 311 "**mandates** that Director Sniffen implement the requirement."  Opposition at 2 (emphasis in original; citing HRS § 261-12(b)).  But that is simply not correct: Another provision of that same section - HRS § 261-12(d) - also provides that "[n]o rules, orders, or standards prescribed by the director shall be inconsistent with, or contrary to, any act of the Congress of the United States or any regulation promulgated or standard established pursuant

2

thereto." HRS § 261-12(d).  Thus, there can be no "mandate" if HDOT determines that rules contemplated in HRS § 261-12(b)(8) cannot be issued consistent with HRS § 261-12(d).[1]

Plaintiffs have the wherewithal to make their views regarding preemption known to HDOT during the formal rulemaking process.  If HDOT agrees with Plaintiffs' theories about the scope of federal preemption, then HDOT will not issue the rules.

The Ninth Circuit's "decisions have explicitly mandated that an agency action be final before a declaratory judgment action is ripe: the ripeness doctrine was designed to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by challenging parties." *United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003) (quotation omitted; cleaned up).  Here, rather than allowing the HDOT decision-making and rulemaking process to continue as normal, Plaintiffs prematurely seek this Court's intervention.  This Court should decline Plaintiffs' invitation to interfere in the administrative rulemaking process.

---

[1] Plaintiffs thus are wrong to say that "[t]he definitive statement of HDOT is contained in Act 311—HDOT must impose the monthly reporting requirement." Opposition at 21.  That is not correct, as it simply ignores the possibility that HDOT may decline to issue the rules.  Notably, Plaintiffs' Opposition does not even cite HRS § 261-12(d).

In *United States v. Braren*, 338 F.3d 971 (9th Cir. 2003), the Ninth Circuit

held that prudential ripeness barred review based on the absence of a final agency

decision.  The Ninth Circuit explained:

> This case also fails to satisfy the fitness aspect of prudential
> ripeness because it is a challenge to an agency action that is
> nowhere near final. There remain at least two steps in the
> Adjudication in which the Water Department could alter the
> standard it uses. The panels that hear the contests can abandon
> the Preliminary Evaluation. And the Water Department can set
> aside the panels' conclusions when the Department issues its
> final findings. This agency decision will then be subject to
> review by the Oregon courts.

*Id*. at 976.  So too here.  Under Ninth Circuit case law regarding prudential

ripeness, "[a] claim is fit for decision if the issues raised are primarily legal, do not

require further factual development, and the challenged action is final."  *Skyline*

*Wesleyan Church v. California Dep't of Managed Health Care*, 968 F.3d 738, 752

(9th Cir. 2020) (quotation omitted); *accord Dietary Supplemental Coalition, Inc. v.*

*Sullivan*, 978 F.2d 560, 562 (9th Cir. 1992) ("The fitness element requires . . . a

final agency action"); *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 780

(9th Cir. 2000) ("The core question is whether the agency has completed its

decision-making process . . . .").  Here, HDOT plainly has not completed its

4

decision-making process.  And because the challenged agency action is not final,

this case is not prudentially ripe.[2]

III.    Counts I and II Must Be Dismissed on Eleventh Amendment Grounds
        Because No *Ex Parte Young* Claim Has Been Alleged With Respect to
        Those Counts.

        Plaintiffs assert that "[e]quitable jurisdiction pursuant to *Ex Parte Young*

applies to Counts I-IV."  Opposition at 12 n.7.  But with respect to Counts I and II,

Plaintiffs have not alleged equitable claims under *Ex Parte Young*.  As Defendants

explained in their Motion to Dismiss, "[n]either Count I nor Count II alleges an

equitable claim under *Young*."  Motion at 10 n.6.  Although Counts III and IV

assert "equitable claims under *Ex Parte Young*," Counts I and II do not.  "Plaintiffs

may not now amend the claim in their opposition briefing to allege an *Ex Parte*

*Young* . . . violation."  *Gaskin v. May*, No. CV 15-33 (EGS), 2023 WL 2239349, at

*6 (D.D.C. Feb. 27, 2023).  "It is axiomatic that the complaint may not be

---

[2] This is consistent with the general principle that "[j]udicial appraisal of a question stands 'on a much surer footing in the context of a specific application ... than could be the case in the framework of the generalized challenge."  *Alascom, Inc. v. F.C.C.*, 727 F.2d 1212, 1217 (D.C. Cir. 1984) (quotation omitted).  The cases Plaintiffs cite are inapposite.  For example, Plaintiffs cite *Retail Indus. Leaders Ass′ v. Fielder*, 475 F.3d 180, 188 (4th Cir. 2007), but that case involved a statute that "clearly establish[ed]" the challenged requirements.  *Compare id.* at 184 ("The Act . . . requires a covered employer to submit an annual report on January 1 of each year to the Secretary, in which the employer must disclose: (1) how many employees it had for the prior year, (2) its 'health insurance costs,' and (3) the percentage of compensation it spent on 'health insurance costs' for the 'year immediately preceding the previous calendar year.'").  By contrast, Act 311 itself does not impose requirements on Plaintiffs; it provides for rulemaking.

amended by the briefs in opposition to a motion to dismiss." *Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1183 n.8 (N. D. Cal. 2021) (quoting *Apple Inc. v. Allan & Assoc. Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014)).  Thus, because Plaintiffs cannot use their opposition to Defendants' motion to dismiss as a vehicle to amend their complaint, Counts I and II should be dismissed on Eleventh Amendment grounds because no *Ex Parte Young* claim has been alleged with respect to those two counts.

IV.    <u>Count V Should Be Dismissed</u>.

Plaintiffs suggest that "[b]y submitting the Stipulated Agreement with the settlement terms contained therein for Court [] approval and ent[ry], Defendants made the settlement terms part of the record as a Court order," and that therefore "[t]he federal court retained jurisdiction to enforce it."  Opposition at 26-27.

As a threshold matter, even if it were true Plaintiffs were right about that, this case would **still** not be the proper vehicle to enforce that stipulation.  Instead, the proper vehicle would be for one of the parties in the original case to file a motion to enforce in case no. 90-00369 (ACK).  By contrast, there is no basis to suggest that the existence of a stipulation in one case gives rise to a separate federal cause of action in a completely different federal case.  Thus, Count V should be dismissed.

> [W]here ancillary jurisdiction allows a court to 'manage its proceedings, vindicate its authority, and effectuate its decrees,' the doctrine provides for the same court to retain jurisdiction in order to enforce its own orders—not a different court. Thus, to the extent that Plaintiffs may have stated a claim for enforcement of the Settlement Agreement, this Court does not have jurisdiction over this claim. Instead, if jurisdiction exists, it would exist to enforce the Settlement Agreement in . . . the cause in which the Settlement Agreement was filed.") (Emphasis added.)

*Mijares v. Cnty. of El Paso*, No. EP-15-CV-353-KC, 2016 WL 206481, at *3

(W.D. Tex. Jan. 15, 2016).

In any event,

> [b]ecause filing a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action. Any dismissal order entered by a district court after the filing of a voluntary dismissal is 'superfluous.'

*SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010).  The 1994

Stipulation was not conditioned upon the entry by Judge Kay of an order

embodying the terms of the settlement agreement.  "The judge's mere awareness

and approval of the terms of the settlement agreement do not suffice to make them

part of his order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381

(1994).  The 1994 Stipulation was signed by the parties and submitted to the

district court "pursuant to Rule 41(a)(1)(ii)."  A Rule 41(a)(1)(ii) dismissal "is

effective on filing, no court order is required, [and] the parties are left as though no

action had been brought." *Ruppersberger v. Ramos*, No. CV 11-00145 ACK-KJM,

7

2020 WL 1894400, at *5 (D. Haw. Apr. 16, 2020) (quotation omitted);

*Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999)

("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing,

[and] no court order is required.... Unlike a Rule 41(a)(1) dismissal, a Rule

41(a)(2) dismissal requires court approval."). Nor did the 1994 Stipulation

expressly provide for the retention of jurisdiction by the district court. As

explained in Defendants' Motion, the "so ordered" line on the stipulation should be

regarded as, in actuality, an approval as to form.

V.     Eleventh Amendment Immunity Bars Count V.

If Count V is construed as a state-law cause of action, the Eleventh

Amendment bars that claim. The Eleventh Amendment bars state-law claims

asserted against State Defendants in federal court. Moreover, a breach of contract

action stemming from a settlement agreement is a separate action from the

underlying litigation. Thus, even if it were true (assuming arguendo) that the State

had waived its sovereign immunity with respect to the original litigation before

Judge Kay, Plaintiffs' efforts to bring a breach-of-contract claim based on a

supposed violation of the 1994 Stipulation is a different cause of action. The State

has not waived its Eleventh Amendment immunity in this action[3]. Further,

---

[3] The case law cited by Plaintiff is distinguishable, since those cases addressed the
express waiver of sovereign immunity, either by word or deed. In *In re Lazar*, 237
F.3d 967 (9th Cir. 2001) the State of California submitted to jurisdiction in further

contrary to Plaintiffs' suggestion (Opposition at 27-28 n.8), supplemental jurisdiction cannot be used to overcome Eleventh Amendment immunity.  "This court does not have ancillary jurisdiction over any state law claim that is barred by the Eleventh Amendment."  *Campbell v. Dep't of Hum. Servs.*, 349 F. Supp. 3d 1019, 1027 (D. Haw. 2018).  "Ancillary jurisdiction cannot override Eleventh Amendment immunity."  *Id.*; *see Oneida Cty., N.Y. v. Oneida Indian Nation of New York State*, 470 U.S. 226, 251 (1985) ("Neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").  Thus, Count V must be dismissed.

VI.   <u>Conclusion</u>.

Movants respectfully request that the Court grant their Motion to Dismiss as follows.  As conceded by Plaintiffs, Counts I-IV of the FAC should be dismissed with respect to Defendant State.

Counts I-IV should also be dismissed as to the Director, based on the arguments and authorities presented herein and in the Motion to Dismiss.  Alternatively,  at least Counts I-II should be dismissed as against the Director since

---

Bankruptcy Court proceedings when it filed a claim in Bankruptcy Court; in *Kreps v. Michigan* Unemployment Ins. Agency 2023 WL 449339 (E.D. Mich. July 12, 2023)  the State of Michigan had expressly agreed that the Federal District Court for the Eastern District of Michigan retains jurisdiction over the particular action.

no exception to Sovereign Immunity is alleged and there is no other basis to assert

federal jurisdiction over him.

Count V should be dismissed as to all Defendants based on the arguments

and authorities presented herein and in the Motion to Dismiss.

DATED:  Honolulu, Hawaii, September 15, 2023.


/s/ Stuart N. Fujioka
STUART N. FUJIOKA
PATRICK K. KELLY
Deputy Attorneys General

Attorneys for Defendants
STATE OF HAWAIʻI
DEPARTMENT OF TRANSPORTATION,
STATE OF HAWAIʻI and EDWIN
SNIFFEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| HELICOPTER ASSOCIATION INTERNATIONAL, SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAI‘I,<br><br>          Plaintiff,<br><br>  v.<br><br>STATE OF HAWAI‘I; DEPARTMENT OF TRANSPORTATION, STATE OF HAWAI‘I; and EDWIN SNIFFEN, in his official capacity as Director of Hawai‘i Department of Transportation,<br><br>          Defendants. | CIVIL NO. 1:23-CV-00083-LEK-WRP<br><br>**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT** |

## **CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

I hereby certify that the foregoing Reply Memorandum contains 2,284 words, exclusive of the case caption, table of contents, table of authorities, exhibits, declaration, and certificate of service, based on the word count provided by Microsoft Word, the program used to produce the document.  Accordingly, the Reply Memorandum complies with the applicable word limit of no more than 3,750 words set forth in Local Rule 7.4.

DATED: Honolulu, Hawaiʻi, September 15, 2023.

/s/ Stuart N. Fujioka
STUART N. FUJIOKA
PATRICK K. KELLY
Deputy Attorneys General
State of Hawaii

Attorneys for Defendants
STATE OF HAWAIʻI; DEPARTMENT OF
TRANSPORTATION, STATE OF
HAWAIʻI; and EDWIN SNIFFEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HELICOPTER ASSOCIATION INTERNATIONAL, SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAIʻI, | CIVIL NO. 1:23-CV-00083-LEK-WRP |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| STATE OF HAWAIʻI; DEPARTMENT OF TRANSPORTATION, STATE OF HAWAIʻI; and EDWIN SNIFFEN, in his official capacity as Director of Hawaiʻi Department of Transportation, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known address:

Served electronically through CM/ECF:

> Calvert G. Chipchase
> Lisa K. Swartzfager
> Molly A. Olds
> 1000 Bishop Street, Suite 1200
> Honolulu, Hawai'i 96813-4212
> Telephone:  (808) 521-9200
> Email:      cchipchase@cades.com
>             lswartzfager@cades.com
>             molds@cades.com

> Attorneys for Plaintiffs HELICOPTER ASSOCIATION INTERNATIONAL and SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAI'I

DATED:  Honolulu, Hawai'i, September 15, 2023.

> /s/ Stuart N. Fujioka
> STUART N. FUJIOKA
> PATRICK K. KELLY

> Attorneys for Defendants
> STATE OF HAWAI'I; DEPARTMENT OF TRANSPORTATION, STATE OF HAWAI'I and EDWIN SNIFFEN

2