UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HELICOPTER ASSOCIATION INTERNATIONAL,  SAFARI AVIATION, INC. dba SAFARI HELICOPTERS HAWAI`I<br><br>          Plaintiffs,<br><br>     vs.<br><br>STATE OF HAWAI'I,  DEPARTMENT OF TRANSPORTATION, STATE OF HAWAII, EDWIN SNIFFEN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE HAWAII DEPARTMENT OF TRANSPORTATION;<br><br>          Defendants. | CIV. NO. 23-00083 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS**

On May 12, 2023, Defendants State of Hawai`i ("the State"), Hawai`i Department of Transportation ("DOT"), and Edwin Sniffen, in his official capacity as Director of DOT ("Sniffen" and collectively "Defendants") filed their Motion to Dismiss First Amended Complaint Under FRCP Rules 12(b)(1) and 12(b)(6) ("Motion").  [Dkt. no. 21.]  Plaintiffs Helicopter Association International ("Helicopter Association") and Safari Aviation, Inc. doing business as Safari Helicopters Hawai`i ("Safari" and collectively "Plaintiffs") filed their memorandum in opposition to the Motion on September 8, 2023.  [Dkt. no. 26.]  On September 15, 2023, Defendants filed their reply.  [Dkt.

no. 28.]  This matter came on for hearing on September 29, 2023.
Defendants' Motion is hereby granted in part and denied in part
for the reasons set forth below.

**BACKGROUND**

The operative pleading is Plaintiffs' First Amended
Complaint, filed on May 8, 2023 ("Amended Complaint").  [Dkt.
no. 20.]  Helicopter Association is a "non-profit membership and
trade organization that represents and serves the interests of
helicopter operators around the world[,]" including in Hawai`i.
[Id. at ¶ 14.]  Safari is a member of Helicopter Association,
and operates air tours in Hawai`i.  [Id. at ¶ 15.]

In 1990, Safari and other operators filed an action in
this district court against the State, DOT, the then-DOT
director, and the then-DOT Airports Administrator, seeking
declaratory and injunctive relief that Act 397[1] was preempted by
the Federal Aviation Act of 1958 ("FAA"), the Airline
Deregulation Act of 1978 ("ADA"), and other federal statutes.
[Amended Complaint, Exh. 3 (Verified Complaint for Declaratory
and Injunctive Relief ("1990 Complaint"), filed in Haw.
Helicopter Ass'n, Inc., et al. v. State of Hawai`i, et al.,
CV 90-0039 ACK ("1990 Action")) at ¶¶ 1-2.]  In March 1994, the

---

[1] Act 397 was enacted by the Hawai`i State Legislature in
1998.  1998 Haw. Sess. Laws Act 397.  The new section that
enacted was codified at Haw. Rev. Stat. § 261-13.6, and it made
amendments to Haw. Rev. Stat. § 261-12(b).

district court approved the parties' Stipulation for Dismissal
with Prejudice of All Claims and All Parties ("Stipulation for
Dismissal").  [Id., Exh. 2 (Stipulation for Dismissal).]  The
Stipulation for Dismissal provided:

> the State of Hawaii shall promulgate agency rules
> amending Hawaii Administrative Rules, Chapter 19-
> 34, and clarifying that Hawaii Revised Statutes,
> section 261-12 **will not be applied in any manner
> that is inconsistent with, or contrary to, the
> [FAA]**, as amended, together with the Federal
> Aviation Regulations promulgated thereunder.

[Id. at 2 (emphasis added).]

In July 2022, Act 311 (originally introduced as Senate
Bill No. 3272) was enacted.  2022 Haw. Sess. Laws Act 311.
Among other things, Act 311 amended Haw. Rev. Stat. § 261-12(b)
to read in relevant part:

> [N]o tour aircraft operation shall be permitted
> in any airport under the State's control without
> having a permit.  The director shall adopt rules
> to regulate tour aircraft operations by permit,
> which shall include but not be limited to:
>
>     . . . .
>
> (8)  Submission of monthly written reports
> to the department, which shall be made
> available to the public, of each tour
> operation that occurred during the duration
> of the preceding month, including:
>
>     (A)  The date and time that the
>     aircraft took off and landed;
>
>     (B)  The number of individuals aboard
>     the aircraft during the operation;

3

>            (C)  The flight path from takeoff
>            through landing; and;
>
>            (D)  Whether the aircraft deviated from
>            its intended flight plan[.]

Id., § 2 at 945-46.

Plaintiffs challenge the monthly reporting requirements imposed in Act 311 on two grounds: as a violation of the Supremacy Clause, U.S. CONST. art. VI, cl. 2 due to field and conflict preemption; and as a violation of the 1994 Stipulation for Dismissal in the 1990 Action.  [Amended Complaint at ¶¶ 4-12.]

Plaintiffs allege the following claims against Defendants: (1) a declaratory judgment claim against the State and Sniffen regarding field preemption ("Count I"); (2) a declaratory judgment claim against the State and Sniffen regarding conflict preemption with the FAA, 49 U.S.C. § 106, and the Aircraft Noise and Capacity Act of 1990, 49 U.S.C. § 47521, et seq. ("ANCA") ("Count II"); (3) a declaratory judgment claim against the State and Sniffen regarding preemption under the ADA ("Count III"); (4) a declaratory judgment claim against the State and Sniffen regarding preemption under the ANCA ("Count IV"); and (5) a claim against Defendants seeking specific performance of the 1994 Stipulation for Dismissal or a permanent injunction requiring them to comply with the 1994 Stipulation for Dismissal ("Count V").

4

Defendants' Motion asks this Court to dismiss the Amended Complaint because the Eleventh Amendment bars Plaintiffs' claims, and the claims are not ripe.  Further, Defendants argue Count V should be dismissed because it fails as matter of law.  [Motion at 2.]

**STANDARD**

## I.   **Federal Rule of Civil Procedure 12(b)(1)**

Rule 12(b)(1) authorizes a defendant to move for dismissal of an action for "lack of subject-matter jurisdiction[.]"  "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Robinson v. United States, 586. F.3d 683, 685 (9th Cir. 2009) (citation and quotation marks omitted).  This district court has stated:

> a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint.  Fed. R. Civ. P. 12(b)(1).  A jurisdictional attack pursuant to FRCP 12(b)(1) may be facial or factual.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).  A facial attack challenges the sufficiency of the allegations contained in a complaint to invoke federal jurisdiction, while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.
>
> FRCP 12(b)(1) also requires a district court to dismiss a complaint for lack of subject matter jurisdiction where a plaintiff lacks standing to sue.  See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011) (citations omitted) ("[L]ack of Article III standing requires dismissal for

5

lack of subject matter jurisdiction under
[FRCP] 12(b)(1).").  When a plaintiff lacks
constitutional standing, a suit "is not a 'case
or controversy,' and an Article III federal court
therefore lacks subject matter jurisdiction over
the suit."  City of Oakland v. Lynch, 798 F.3d
1159, 1163 (9th Cir. 2015) (quoting Cetacean
Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir.
2004) (quotations omitted)); City of Los Angeles
v. County of Kern, 581 F.3d 841, 845 (9th Cir.
2009).

In determining constitutional standing, the
trial court has the authority "to allow or to
require the plaintiff to supply, by amendment to
the complaint or by affidavits, further
particularized allegations of fact deemed
supportive of plaintiff's standing."  Maya, 658
F.3d at 1067 (citation and quotations omitted).
"For purposes of ruling on a motion to dismiss
for want of standing, both trial and reviewing
courts must accept as true all material
allegations of the complaint and must construe
the complaint in favor of the complaining party."
Namisnak v. Uber Techs., Inc., 971 F.3d 1088,
1092 (9th Cir. 2020) (internal quotations
omitted) (citations omitted).

Ye Jiang v. Zhong Fang, CIVIL NO. 20-00100 JAO-KJM, 2020 WL

6889169, at *1 (D. Haw. Nov. 23, 2020) (alterations in Ye

Jiang).

### A.   Consideration of Materials Beyond the Pleadings

For motions to dismiss under Rule 12(b)(1),
unlike a motion under Rule 12(b)(6), the moving
party may submit

affidavits or any other evidence properly
before the court. . . .  It then becomes
necessary for the party opposing the motion
to present affidavits or any other evidence
necessary to satisfy its burden of
establishing that the court, in fact,
possesses subject matter jurisdiction.  The

6

> district court obviously does not abuse its
> discretion by looking to this extra-pleading
> material in deciding the issue, even if it
> becomes necessary to resolve factual
> disputes.
>
> St. Clair v. City of Chico, 880 F.2d 199, 201
> (9th Cir. 1989) (citations omitted) . . . .

Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 778

(9th Cir. 2000) (some alterations in Ass'n of Am. Med. Colls.).

## II.  Federal Rule of Civil Procedure 12(b)(6)

The Ninth Circuit has described the standard

applicable to a motion under Rule 12(b)(6) as follows:

> To survive a motion to dismiss for failure
> to state a claim after the Supreme Court's
> decisions in Ashcroft v. Iqbal, 556 U.S. 662, 129
> S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and Bell
> Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.
> Ct. 1955, 167 L. Ed. 2d 929 (2007), the
> [plaintiff's] factual allegations "must . . .
> suggest that the claim has at least a plausible
> chance of success." In re Century Aluminum [Co.
> Sec. Litig.], 729 F.3d [1104,] 1107 [(9th Cir.
> 2013)]. In other words, their complaint "must
> allege 'factual content that allows the court to
> draw the reasonable inference that the defendant
> is liable for the misconduct alleged.'" Id.
> (quoting Iqbal, 556 U.S. at 678, 129 S. Ct.
> 1937).
>
> Following Iqbal and Twombly, . . . we have
> settled on a two-step process for evaluating
> pleadings:
>
> > First, to be entitled to the presumption of
> > truth, allegations in a complaint or
> > counterclaim may not simply recite the
> > elements of a cause of action, but must
> > contain sufficient allegations of underlying
> > facts to give fair notice and to enable the
> > opposing party to defend itself effectively.

>           Second, the factual allegations that are
>           taken as true must plausibly suggest an
>           entitlement to relief, such that it is not
>           unfair to require the opposing party to be
>           subjected to the expense of discovery and
>           continued litigation.
>
>           [Eclectic Props. E., LLC v. Marcus & Millichap
>           Co., 751 F.3d 990, 996 (9th Cir. 2014)] (quoting
>           Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.
>           2011)).  In all cases, evaluating a complaint's
>           plausibility is a "context-specific" endeavor
>           that requires courts to "draw on . . . judicial
>           experience and common sense."  Id. at 995-96
>           (internal quotation marks omitted).

Levitt v. Yelp! Inc., 765 F.3d 1123, 1134-35 (9th Cir. 2014)

(some alterations in Levitt).  This Court is not required to

accept as true "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements."  Iqbal, 556

U.S. at 678 (citing Twombly, 550 U.S. at 555).

**DISCUSSION**

I.   **Count V**

        In Count V, Plaintiffs allege the monthly reporting

requirements and preamble[2] to Senate Bill No. 3272 are

inconsistent with the FAA, and thus violate the 1994 Stipulation

for Dismissal.  [Amended Complaint at ¶¶ 138-42.]  Plaintiffs

contend that, "[b]y submitting the [Stipulation for Dismissal]

---

        [2] The relevant portion of the preamble states: "the State
has the option not to renew a tour aircraft operation permit for
any company that repeatedly deviates from flight plans over
sensitive areas."  [Amended Complaint, Exh. 1 (Senate Bill
No. 3272) at PAGEID.360.]

with the settlement terms contained therein for [the district court] to approv[e] and enter, Defendants made the settlement terms part of the record as a Court order." [Mem. in Opp. at 26-27 (citations omitted).]  Plaintiffs argue this court has ancillary jurisdiction to enforce the Stipulation for Dismissal. [Id. at 26 (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380 (1994)).]  Defendants contend Count V should be dismissed for lack of jurisdiction.  [Motion, Mem. in Supp. at 13-18.]

        Part of Plaintiffs' argument hinges on the district court's alleged express incorporation of the terms of the parties' agreement into the Stipulation for Dismissal.  See Mem. in Opp. at 25.  Plaintiffs did not provide the terms of the settlement agreement that were allegedly incorporated into the Stipulation for Dismissal to this Court, making is impossible to determine whether the terms of the settlement agreement were substantively incorporated into the Stipulation for Dismissal.

        Moreover, at the September 29 hearing, Plaintiffs' counsel conceded that Count V should be dismissed because Count V should have been brought as a continuation of the 1990 Action, not as a separate count in this action.  Therefore, Defendants' Motion is granted, insofar as Count V is dismissed without prejudice to refiling in the 1990 Action.  The Court

makes no ruling as to whether or not Plaintiffs can seek to
reopen the 1990 Action in order to bring Count V.

Because Count V is dismissed, there are no remaining
claims alleged against DOT.  [Amended Complaint at pgs. 30, 32,
33, 35, 37.]

## II.  **Eleventh Amendment**

### A.    **Claims Against the State**

The Eleventh Amendment bars claims against the State.
Plaintiff alleged Counts I-IV against the State and Sniffen.
[Amended Complaint at pgs. 30, 32, 33, 35.]  "'The Eleventh
Amendment bars suits against a state or its agencies, regardless
of the relief sought, unless the state unequivocally consents to
a waiver of its immunity.'"  Wilbur v. Locke, 423 F.3d 1101,
(9th Cir. 2005) (quoting Yakama Indian Nation v. State of Wash.
Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999))).[3]
Plaintiffs do not oppose dismissal of the State as to Counts I-
IV.  [Mem. in Opp. at 3 n.3, 5.]  Thus, Plaintiffs' claims
against the State are dismissed because the State is entitled to
sovereign immunity.  The dismissal is with prejudice because the
claims cannot be saved by amendment.  See Hoang v. Bank of Am.,
N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with
prejudice and without leave to amend is not appropriate unless

---

[3] Wilbur was abrogated on other grounds by Levin v. Commerce
Energy, Inc., 560 U.S. 413 (2010).

it is clear . . . that the complaint could not be saved by
amendment." (citation and quotation marks omitted)).

>    B.   **Claims Against Sniffen**

As to Plaintiffs' claims against Sniffen, Defendants
argue the State has not waived it sovereign immunity, and,
because no rules have been promulgated, Plaintiffs cannot
establish a sufficient enforcement nexus regarding Act 311 by
Sniffen to establish a viable claim under Ex parte Young, 209
U.S. 123 (1908).  [Motion, Mem. in Supp. at 8-9, 12-13.]  There
is no contention that the State has waived its sovereign
immunity with respect to Counts I-IV.  Accordingly, to overcome
Eleventh Amendment immunity, Plaintiffs must allege a plausible
equitable claim under Ex parte Young.

>    Under the Ex parte Young exception to
>    Eleventh Amendment immunity, however, "private
>    individuals may sue state officials in federal
>    court for prospective relief from ongoing
>    violations of federal law, as opposed to money
>    damages, without running afoul of the doctrine of
>    sovereign immunity."  Koala v. Khosla, 931 F.3d
>    887, 895 (9th Cir. 2019) (citing Va. Office for
>    Prot. & Advocacy v. Stewart, 563 U.S. 247, 254-55
>    (2011)); see also Ex parte Young, 209 U.S. 123
>    (1908).  Ex parte Young is based on the
>    proposition "that when a federal court commands a
>    state official to do nothing more than refrain
>    from violating federal law, he is not the State
>    for sovereign-immunity purposes."  Va. Office for
>    Prot. & Advocacy, 563 U.S. at 255 (citation
>    omitted).

>    In determining whether the Ex parte Young
>    doctrine avoids an Eleventh Amendment bar to
>    suit, a court conducts a "straightforward

11

inquiry" into whether the complaint (1) alleges
an ongoing violation of federal law, and
(2) seeks relief properly characterized as
prospective.  Verizon Md., Inc. v. Pub. Serv.
Comm'n of Md., 535 U.S. 635, 645 (2002) (quoting
Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S.
261, 296 (1997) (O'Connor, J., joined by Scalia
and Thomas, JJ., concurring in part and
concurring in judgment); 521 U.S. at 298-299
(Souter, J., joined by Stevens, Ginsburg, and
Breyer, JJ., dissenting)). . . .

Duke's Invs. LLC v. Char, CIVIL NO. 22-00385 JAO-RT, 2023 WL
3166729, at *6 (D. Hawai`i Apr. 28, 2023).

     Further, under Ex parte Young, the state officer
"'must have some connection with enforcement of the act.'"
Coal. to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134
(9th Cir. 2012) (quoting Ex parte Young, 209 U.S. at 157, 28 S.
Ct. 441).  The connection requirement is a modest one, and
"demands merely that the implicated state official have a
relevant role that goes beyond 'a generalized duty to enforce
state law or general supervisory power over the persons
responsible for enforcing the challenged provision.'"  Mecinas
v. Hobbs, 30 F.4th 890, 903-04 (9th Cir. 2022) (quoting Planned
Parenthood of Idaho, Inc. v. Wasden, 376 F.3d 908, 919 (9th Cir.
2004)).

     Sniffen meets the modest connection requirement of Ex
parte Young.  Act 311 requires the DOT Director - i.e., Sniffen
- to promulgate rules implementing the reporting requirements.
See 2022 Haw. Sess. Laws Act 311, § 2 at 945 ("The director

12

shall adopt rules to regulate tour aircraft operations by permit . . . .").  As such, Sniffen's role goes beyond a generalized duty to enforce state law, because Act 311 mandates that the agency he directs promulgate specific regulations.

Finally, Defendants argue that Counts I and II must be dismissed because neither count alleges an equitable claim under Ex parte Young.  [Motion, Mem. in Supp at 10; Reply at 5.]  This argument is meritless.  In Counts I and II, Plaintiffs seek declaratory judgments and permanent injunctions regarding ongoing violations of the Supremacy Clause of the United States Constitution.  [Amended Complaint at ¶¶ 107-08, 115-16.]  These allegations are sufficient to invoke Ex Parte Young.  See Kincaid v. City of Fresno, No. 1:06-CV-1445 OWW SMS, 2007 WL 833058, at *4 (E.D. Cal. Mar. 19, 2007); see also Duke's Invs., 2023 WL 3166729, at *6.  Plaintiffs' claims against Sniffen in Counts I and II are therefore not barred by the Eleventh Amendment.

Defendants' Motion is denied as to their request to dismiss Plaintiffs' claims in Counts I to IV against Sniffen on Eleventh Amendment grounds.

## III.  **Ripeness**

Defendants argue the case is both constitutionally and prudentially unripe because DOT has not finished the rulemaking

13

process, making the monthly written report requirement currently

unenforceable.  [Motion, Mem. in Supp. at 18-23.]

>   The Supreme Court instructs that ripeness is
>   "peculiarly a question of timing," Regional Rail
>   Reorg. Act Cases, 419 U.S. 102, 140, 95 S. Ct.
>   335, 42 L.Ed.2d 320 (1974), designed to "prevent
>   the courts, through avoidance of premature
>   adjudication, from entangling themselves in
>   abstract disagreements."  Abbott Laboratories v.
>   Gardner, 387 U.S. 136, 148, 87 S. Ct. 1507, 18 L.
>   Ed. 2d 681 (1967).[4]  Our role is neither to
>   issue advisory opinions nor to declare rights in
>   hypothetical cases, but to adjudicate live cases
>   or controversies consistent with the powers
>   granted the judiciary in Article III of the
>   Constitution.  See U.S. Const. art. III.
>   Although ripeness, like other justiciability
>   doctrines, is "not a legal concept with a fixed
>   content or susceptible of scientific
>   verification," Poe v. Ullman, 367 U.S. 497, 508,
>   81 S. Ct. 1752, 6 L. Ed. 2d 989 (1961), the
>   Supreme Court has observed that the doctrine "is
>   drawn both from Article III limitations on
>   judicial power and from prudential reasons for
>   refusing to exercise jurisdiction," Reno v.
>   Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n.
>   18, 113 S. Ct. 2485, 125 L. Ed. 2d 38 (1993).

Thomas v. Anchorage Equal Rts. Comm'n, 220 F.3d 1134, 1138

(9th Cir. 2000).

>   Plaintiffs are challenging the monthly reporting

requirements codified in Haw. Rev. Stat. § 261-12(b), **not** the

rules that § 261-12(b) requires to be promulgated, which are not

yet promogulated.  See, e.g., Amended Complaint at ¶ 1.  Section

---

[4] Abbott Laboratories was overruled on other grounds by
Califano v. Sanders, 430 U.S. 99 (1977).  See, e.g., Portman v.
Cnty. of Santa Clara, 995 F.2d 898, 902 (9th Cir. 1993).

261-12(b)'s monthly reporting requirements will become
enforceable upon DOT's promulgation of the relevant rules.  <u>See</u>
§ 261-12(b)(8) (stating "[t]he director shall adopt rules to
regulate tour aircraft operations by permit," including the
"[s]ubmission of monthly written reports").

      In analyzing ripeness, courts consider the fitness of
the issues for judicial decision and the hardship to the parties
of withholding court consideration.  <u>See</u> <u>Thomas</u>, 220 F.3d at
1141 (quoting <u>Abbott Laboratories</u>, 387 U.S. at 149, 87 S. Ct.
1507).  This Court first examines whether the issues in this
case are fit for judicial decision.

> A challenge to a statute or regulation that has
> not yet been applied is generally considered fit
> for judicial determination if the issue raised is
> a "purely legal one," <u>Abbott Laboratories</u>, 387
> U.S. at 149, 87 S. Ct. at 1515, or one which
> "further factual development will not render more
> concrete." <u>Western Oil & Gas [Ass'n v. U.S.
> Env't Prot. Agency]</u>, 633 F.2d [803,] 808 [(9th
> Cir. 1980)]; <u>see</u> <u>Gardner v. Toilet Goods
> Association</u>, 387 U.S. 167, 171, 87 S. Ct. 1526,
> 1528, 18 L. Ed. 2d 704 (1967).  On the other
> hand, if the issue would be illuminated by the
> development of a better factual record, the
> challenged statute or regulation is generally not
> considered fit for adjudication until it has
> actually been applied.  <u>Regional Rail
> Reorganization Act Cases</u>, 419 U.S. [102,] 143-44,
> 95 S. Ct. [335,] 358-59 [(1974)]; <u>Pence [v.
> Andrus]</u>, 586 F.2d [733,] 737 & n.12 [(9th Cir.
> 1978)].

<u>Pac. Legal Found. v. State Energy Res. Conservation & Dev.</u>
<u>Comm'n</u>, 659 F.2d 903, 915 (9th Cir. 1981).[5]

Count I is ripe because it alleges field preemption,
which is a purely legal issue that does not require further
factual development.  The question of whether the FAA "occupies
the field" does not depend on what regulation DOT will
promulgate, making it currently fit for judicial decision.  <u>See</u>
<u>Sayles Hydro Assocs. v. Maughan</u>, 985 F.2d 451, 454 (9th Cir.
1993).

Count II alleges conflict preemption and Counts III
and IV simply allege preemption.  <u>Compare</u> Amended Complaint at
pg. 32, <u>with</u> <u>id.</u> at pgs. 33, 35.  Because Plaintiffs challenge
Haw. Rev. Stat. § 261-12(b)'s reporting requirements itself,
rather than the content of the eventual DOT regulations, these
issues are currently fit for judicial decision.  <u>See</u> <u>id.</u> at
¶¶ 1, 110, 121, 130-31.  The Court can analyze the language of
§ 261-12(b) in light of the various federal laws Plaintiff
alleges conflicts with § 261-12(b)'s monthly reporting
requirements.

Second, the Court considers the hardship to the
parties of withholding consideration of the issues presented in

---

[5] 659 F.2d 903 was affirmed by the United States Supreme
Court in <u>Pacific Gas & Electric Co. v. State Energy Resources</u>
<u>Conservation & Development Commission</u>, 461 U.S. 190 (1983).

16

Counts I to IV.  In the Amended Complaint, Plaintiffs allege the State intends to enforce the reporting requirements and intends to adopt regulations implementing the reporting requirements. [Amended Complaint at ¶¶ 34-35.]  Indeed, the DOT Director is required to promulgate rules under § 261-12(b).  There is no doubt the regulations will be promulgated; the only question is when.  See § 261-12(b) ("The director **shall** adopt rules to regulate tour aircraft operations by permit, which **shall** include but not be limited to: . . . . (8) Submission of monthly written reports[.]" (emphases added)).  Exhibits 4-7 attached to Plaintiff's Memorandum in Opposition demonstrate the steps DOT has taken to implement the reporting requirements, including: drafting the amendment to Haw. Admin. R. Chapter 19-34; undergoing multiple rounds of review of the draft regulation amendment by the Attorney General's Office; and creating a website for tour operators to upload their monthly reports.  See Mem. in Opp., Exhs. 4-7.[6]

---

[6] Because this Motion to Dismiss is made pursuant to Rule 12(b)(1), the Court may consider the exhibits attached to the memorandum in opposition, although these exhibits were not included in the Amended Complaint.  See Ass'n of Am. Med. Colls., 217 F.3d at 778.  Exhibits 4-8 were provided by DOT to Plaintiff's counsel, and are attached to the memorandum in opposition.  [Mem. in Opp., Decl. of Lisa K. Swartzfager ("Swartzfager Decl.") at ¶¶ 4-9.]  Exhibit 4 is memorandum, dated November 30, 2022, from the then-DOT Director to the then-Attorney General ("AG") asking for review of the draft Amendment to Haw. Admin. R. Chapter 19-34.  [Dkt. no. 26-5.]  Exhibit 5 is
(. . . continued)

Plaintiffs sufficiently allege their hardship.
Plaintiffs allege they "have suffered and will suffer harm as a
result of the monthly reporting requirements." [Amended
Complaint, at ¶¶ 106, 114, 124.]  Plaintiffs explain the monthly
reporting requirements are "burdensome and harmful," and that
"operators will have to dedicate substantial time and resources
to reporting data on flights every month[.]"  [Id. at ¶¶ 32,
37.]  Plaintiffs allege the "monthly reporting requirements will
also require more work from pilots, who will need to record
flight plans and 'deviations' from those plans."  [Id. at ¶ 38.]
In their memorandum in opposition, Plaintiffs argue Helicopter
Association's members need to take action to comply with the
reporting requirements before implementation, such as planning
how to comply with requirements, preparing pilots, and learning
to use the website.  [Mem. in Opp. at 22.]  Exhibit 8 appears to
indicate the steps that helicopter tour operators have already

---

a memorandum, dated March 6, 2023, from a Deputy Director of DOT
Airports Division ("Airports Division") to the AG, indicating
DOT received the AG's review of the draft, incorporated
revisions, and would like final review and approval to the
Amendment to Chapter 19-34.  [Dkt. no. 26-6.]  Exhibit 6
consists of emails, dated October 24, 2022, between a Deputy
Director of the Airports Division and other State employees
regarding the status of a planned website for tour operator
monthly reports.  [Dkt. no. 26-7.]  Exhibit 7 consists of
emails, dated from August 25, 2022 to January 30, 2023, between
State employees regarding various issues related to Act 311,
including the public website for tour operators' monthly
reports.  [Dkt. no. 26-8.]

taken to comply with the forthcoming monthly reporting requirement regulations.  See Swartzfager Decl., Exh. 8.  The first two pages of Exhibit 8 is a document titled "Tour Operators Monthly Reports (Act 311)" and lists numerous helicopter tour operators, including Safari.  [Id. at PageID.740-41.]  Exhibit 8 also includes: emails dated November 4, 2022 to November 7, 2022, between the Director of Operations of Blue Hawaiian and State employees regarding uploading monthly reports to a state-created website [id. at PageID.742-46]; a list of flight information with flight times and routes for the month of October 2022 [id. at PageID.747-71]; and four maps of flight routes and possible flight route variations depending on weather [id. PageID.772-75].  Exhibit 8 indicates the effort helicopter tour operators already expended to comply with the monthly reporting requirements.

Plaintiffs have demonstrated sufficient hardship. "One does not have to await the consummation of threatened injury to obtain preventive relief.  If the injury is certainly impending, that is enough."  Pac. Gas & Elec., 461 U.S. at 201 (citations and quotation marks omitted).  The threat of enforcement is "credible, [and] not simply imaginary or speculative."  See Thomas, 220 F.3d at 1140 (citation and internal quotation marks omitted).

Therefore, the claims are ripe.  See Union Pac. R.R. Co. v. Cal. Pub. Utils. Comm'n, 346 F.3d 851, 872 n.22 (9th Cir. 2003) (rejecting a ripeness objection in a case challenging the imposition of train regulations as unconstitutional "because it is clear that any standard required" by the regulations would be unconstitutional).  The instant case is neither abstract nor contingent on future events which may not occur.  See Ass'n of Am. R.R. v. Cal. Off. of Spill Prevention & Response, 113 F. Supp. 3d 1052, 1057 (E.D. Cal. 2015) ("The basic rationale behind the ripeness doctrine 'is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements,' when those 'disagreements' are premised on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting Thomas v. Union Carbide Agr. Prods. Co., 473 U.S. 568, 580–81, 105 S. Ct. 3325, 87 L. Ed. 2d 409 (1985))).  The Motion is denied as to Defendants' ripeness argument.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss First Amended Complaint Under FRCP Rules 12(b)(1) and 12(b)(6), filed May 12, 2023, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as: Count V is DISMISSED WITHOUT PREJUDICE to refiling in the 1990 Action, but without leave to amend in the instant case; and Plaintiffs'

claims in Counts I, II, III, and IV against the State are
DISMISSED WITH PREJUDICE.  The Court makes no ruling as to
whether or not Plaintiffs can seek to reopen the 1990 Action in
order to bring Count V.  The Motion is DENIED as to Plaintiff's
claims in Counts I, II, III, and IV against Edwin Sniffen.

There being no remaining claims against the State and
DOT, the Clerk's Office is DIRECTED to terminate them as parties
on **November 1, 2023,** unless Plaintiffs file a timely motion for
reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 17, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

HELICOPTER ASSOCIATION INTERNATIONAL, ET AL. VS. STATE OF
HAWAII, ET AL CV 23-00083 LEK-WRP; ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS