ANNE E. LOPEZ                7609
Attorney General of Hawaiʻi

PATRICK K. KELLY             7290
STUART N. FUJIOKA            4223
Deputy Attorneys General
Dept. of the Attorney General
465 S. King Street, Suite 300
Honolulu, Hawaiʻi  96813
Telephone:  (808) 587-2992
Email:  patrick.k.kelly@hawaii.gov
        stuart.n.fujioka@hawaii.gov

Attorneys for Defendants
STATE OF HAWAIʻI; DEPARTMENT OF
TRANSPORTATION, STATE OF
HAWAIʻI; and EDWIN SNIFFEN, in his official
capacity as Director of the Department of
Transportation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HELICOPTER ASSOCIATION INTERNATIONAL, SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAIʻI,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF HAWAIʻI; DEPARTMENT OF TRANSPORTATION, STATE OF HAWAIʻI; EDWIN SNIFFEN, in his official capacity as Director of | CIVIL NO. 1:23-CV-00083-KJM<br><br>DEFENDANT EDWIN SNIFFEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR SUMMARY JUDGMENT FILED ON APRIL 29, 2024; CERTIFICATE OF SERVICE<br><br>Hearing date: June 21, 2024<br>Time: 9:30 a.m.<br><u>Presiding Magistrate Judge</u>:<br>Hon. Kenneth J. Mansfield |

| Hawaiʻi Department of Transportation, | |
|---|---|
| | Defendants. |

# DEFENDANT EDWIN SNIFFEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR SUMMARY JUDGMENT FILED ON APRIL 29, 2024

Defendant Edwin Sniffen, in his official capacity as Director of the Hawaiʻi Department of Transportation ("**Director Sniffen**" or "the **Director**") through counsel above-named and in accordance with Local Rule 7.2, submits this Memorandum in Opposition to the Plaintiffs' Amended Motion for Summary Judgment filed on April 29, 2024 (ECF No. 58, "Plaintiffs' Motion").  The Plaintiffs' Motion fails to establish that they are entitled to Summary Judgment, and Judgment should instead be entered in favor of the Director as set forth in his Motion for Summary Judgment filed on April 17, 2024 (ECF No. 48) and Amended Concise Statement of Facts filed on April 9, 2014 (ECF No. 57-57-6). As it is the Director's understanding that Plaintiffs' Motion filed on April 29, 2024 is meant to supersede the Motion for Summary Judgment and supporting papers filed by the Plaintiffs on April 17 (ECF No. 50), only the former is addressed herein.

1. **No Preemption**

The reporting requirements at issue in the respective parties' motions are not preempted by any of the laws invoked by Plaintiffs since neither the Federal Aviation Act, 49 U.S.C. § 40101, *et seq.*, as amended (the "FAA"), the Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b)(1) (the "ADA") nor the Airport Noise and Capacity Act of 1990, 49 U.S.C. § 47521, *et seq.* (the "ANCA") address the impact of low-flying tour aircraft upon neighboring communities.

2. **Act 311 and its Reporting Requirements are Multi-Faceted**

Plaintiffs have acknowledged several aims of Senate Bill 3272 which was adopted as Session Act 311 and inter alia, adds a monthly reporting requirement to Hawaii Revised Statutes (HRS) § 261-12(b).  In their Memorandum in Support of their Motion, Plaintiffs quote extensively the legislative committees who reviewed and commented on the bill.

The House Committee on Consumer Protection and Commerce expressed concern over both noise and safety.

> Your Committee finds that, while there have been several efforts to address the excessive noise and **safety hazards** posed by tour helicopters and small aircrafts operating in the State, **community concerns over excessive noise and safety hazards continue to grow**. This measure will assist [HDOT] in its monitoring of tour aircraft operators to determine their compliance with federal and state laws.

Plaintiffs' Ex. 2 (Stand. Comm. Rep. 1900-22,) (emphasis added), PageID.1415.

2

The Conference Committee found that low flying aircraft can cause health issues and negatively impact the quality of life.

> Your Committee on Conference finds that **the noise from low-flying aircrafts over residential areas can cause health issues and negatively impact quality of life**. Due to increasing concerns, this measure requires tour aircraft operations to file reports so that the State can monitor their compliance with federal regulations.

Ex. 3 (Conf. Comm. Rep. 208-22) (emphasis added), PageID.1417.

The House Committee on Transportation expressed concern over safety risks and community disruption:

> Your Committee finds that there is increasing **concern with safety risks** and community disruption arising from tour helicopter and small aircraft operations in the State. Although there have been collaborative efforts to **address increasing safety** and **community disruption concerns**, **this measure further ensures transparency and accountability for tour aircraft operators by establishing certain reporting requirement**s.

Ex. 4 (Stand. Comm. Rep. 1231-22) (emphasis added) PageID.1419-1420.

The Senate Committee on Transportation expressed concern for passengers and residents.

> Your Committee finds that tour helicopters and small aircraft operations constitute a significant risk to passengers and residents on the ground.  Over the past five years, tour helicopters and small aircraft operations in Hawaii accounted for nearly seventeen percent of the nation-wide accidents that prompted investigation by the National Transportation Safet Board.  In one ten-month period spanning 2019 to 2020, twenty-three lives were lost in four separate tour helicopter or small aircraft accidents on Oahu and Kauai.  Your Committee therefore finds that decisive action must be taken **to increase safety precautions**.

3

Ex. 5 (Stand. Comm. Rep. 2694) (emphasis added), PageID.1422.

The Senate Committees on Commerce and Consumer Protection and Ways and Means jointly raised concerns for the health and quality of life of their constituents.

> Your Committees find that excessive noise from tour aircrafts, **including helicopters flying over residential areas is a serious detriment to the health and quality of life of those residents**. Federal regulations have established rules to mitigate this problem, but is in the interest of the State to monitor and ensure that these rules and regulations are being followed.

Plaintiffs' Ex. 6 (Stand. Comm. Rep. 2790) (emphasis added) PageID.1424.

### 3. Permit Requirements are not Preempted

The reporting requirements are included in HRS § 261-12(b), the statutory section on air tour permitting. Even in Plaintiffs' Motion, they cite case law recognizing that a licensing requirement is not in and of itself preempted by federal law. I.e. see Blue Sky Entm't, Inc. v. Town of Gardiner, 711 F.Supp. 678, 693 (N.D.N.Y. 1989). The reporting requirement is an allowable condition of permit renewal, and is not preempted under any of the theories advanced by Plaintiffs.

State-imposed permit requirements, are not, in and of themselves, preempted by federal law. See California Coastal Comm'n v. Granite Rock Co., 480 U.S. 572, 594, 107 S.Ct. 1419, 1432, 94 L.Ed.2d 577 (1987), Goodspeed Airport LLC v. E. Haddam Inland Wetlands & Watercourses Comm'n, 634 F.3d 206, 210 (2d Cir.

4

2011).  Although permit requirements can sometimes be subject to field or conflict preemption, Hawaii's statutory and regulatory permit requirements have been in place and gone unquestioned for many years, and the additional reporting requirement of (HRS) § 261-12(b)(8) is merely an expansion of the longstanding conditions for air tour operators to maintain their permits.

### 4. Permits Must be Issued and Renewed Upon Reasonable Conditions

Permits cannot be issued or renewed in a vacuum.

> A license, being a personal privilege and not a vested right, is subject to reasonable restrictions by an issuing authority. As a general rule, a municipality's grant of a license is made with the implied reservation of the right to impose reasonable police regulations, which may go to the extent of revoking the license.

51 Am.Jur.2d Licenses and Permits § 50.  Renewal of air tour permits are not and should not be automatic, and operators should be allowed to continue flying only if they can do so in a manner that is not disruptive to the well-being of the communities in which they do business.

Air tour operators who hold permits are already subject to the strictures of (HRS) § 261-12(b), which includes the requirement of "a Hawaii sectional aeronautical chart marked to indicate routes and altitudes to be used in conducting aerial tours and noise abatement procedures to be employed in the vicinity of identified noise sensitive areas" along with Hawaii Administrative Rules (HAR) § 19-34-3 which requires air tour operators to "file a report with the director on the

5

total revenue landings for the previous month." These requirements have been in place for many years, and have never been challenged.

The requirements set forth in HRS § 261-12(b) and HAR § 19-34-3, along with the challenged portion of Act 311, assist the Director in intelligently performing his duty under HRS § 261-12(b)(5) which requires:

> …The director shall adopt rules to regulate tour aircraft operations by permit, which shall include but be limited to:…
> (5) A written assessment by the department of the impact to the surrounding area and to the subject state airport;….

Any assessment must be supported by data such as the information contained in the monthly reports. Again, overall community impact and eligibility for state permit renewal, including the expanded reporting requirements, do not appear to be an area occupied by federal aviation law, nor does it conflict with federal laws such as the FAA, ADA and/or the ANCA.

**5. No Preemption under the ADA**

Contrary to the arguments advanced by Plaintiffs, Defendant maintains that the reporting requirement is not preempted by the ADA. The Act itself recognizes the exercise of proprietary powers as an exception to preemption.

> (3) This subsection does not limit a State…that owns or operates an airport served by an air carrier holding a certificate issued by the Secretary of Transportation from carrying out its proprietary powers and rights.

6

49 USC § 4171(b)(3).  And the proprietary powers can include environmental problems other than noise.  I.e. see Western Air Lines, Inc. v. Port Auth. of New York & New Jersey, 658 F.Supp. 952, 957, (S.D.N.Y. 1986), aff'd, 817 F.2d 222 (2d Cir. 1987).  The committees reviewing S.B. 3272 which ultimately became Act 311 cited to a multitude of community noise, health, safety and quality of life concerns to be remedied by the legislation that are not preempted by federal law.

Specifically, the reporting requirement of Act 311 is an expansion of the valid statutory requirements to provide a sectional aeronautical chart indicating routes and identify noise abatement procedures and the regulatory requirements to report revenue landings.  As such, the amendment to HRS § 261-12(b) is not preempted since it is not "related to a price, route or service."

Nor does the Plaintiffs' citation to case law support ADA-based preemption. Weeks v. American Eagle Airlines, Inc., 2008 WL 11351284 (S.D.Ohio Dec. 22, 2008) addressed "reporting" in the context of whistleblowing, not reported flight patterns.  ABC Charters, Inc. v. Bronson, 591 F.Supp.2d 1272, (S.D.Fla. 2008) analyzed preemption as to state laws including the requirement that sellers of travel to Cuba identify other companies with whom they do business and disclose confidential passenger information.  Air Evac EMS, Inc. v. Robinson, 486 F.Supp.2d 713 (M.D. Tenn. 2007) involved state-imposed equipment requirements that were preempted by Federal Aviation Administration certification.  Morales v.

7

Trans World Airlines, Inc., 504 U.S. 374 (1992) addressed deceptive airline fare advertisements that violated consumer protection statutes.  The expansion of reporting requirements is not already occupied by or in conflict with any existing federal law.

### 6. No Preemption Under the ANCA

Plaintiffs have cited authority for the general proposition that the proprietary powers exception does not apply to the ANCA (*i.e.* see *Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 153-54 (2d Cir. 2016)).  However, the reporting requirement of Act 311 is not a law to be preempted by this federal legislation.

The ANCA has separate requirements for publication and approval of noise and access restrictions related to stage 2 and stage 3 aircraft.  See 49 U.S.C. § 47524 (b) and (c).  While Plaintiffs have asserted that they generally operate stage 2 aircraft (see footnote 7, PageID.1368), the reporting requirements are not restricted to any particular type or stage of aircraft.  Nor does the reporting requirement prohibit or limit access to airports.  Thus, the State legislative approval process was sufficient to enact this legislation, and the reporting requirement is not preempted by the ANCA or any other federal law.

The different requirements for regulation of type 2 and type 3 aircraft noise is best summed up in a case cited by Plaintiffs.

> Specifically, in order to impose a noise restriction on Stage 2 aircraft, the proprietor must publish notice of the proposed restriction, prepare an analysis on the proposed restriction, and invite interested parties to comment on the proposed restriction. *See* 14 C.F.R. §§ 161.203, 161.205, 161.207; 49 U.S.C. § 47524(b). Airport proprietors are even more constrained when imposing noise and access restrictions on Stage 3 aircraft. *See* 49 U.S.C. § 47524(c); 14 C.F.R. §§ 161.301-161.325. To impose noise and access restrictions on Stage 3 aircraft, an airport proprietor must obtain approval from the FAA. *See* 49 U.S.C. § 47524(c); 14 C.F.R. § 161.301(c).

Kramer v. HTX Helicopters, LLC, 2023 WL 4053898, at *10-11 (R.I.Super.). The reporting requirement of Act 311 is not dependent upon aircraft type, and apply equally to all air tour operators. Accordingly, the state legislature, and not the Federal process, was the appropriate means of publication, discussion and approval.

### 7. Conclusion

The State is allowed to require that air tour operators hold a permit to conduct their business at local airports. To maintain and/or renew their permits, air tour operators have always been required to meet statutory and regulatory requirements imposed by the State. The reporting requirement added by Act 311 expands the requirements already in place and will assist the Director in fulfilling his ongoing duty to provide an assessment of the air tours' impact to surrounding areas state airports. Nor has the Plaintiffs established preemption of this requirement under any applicable federal law. Accordingly, based on the foregoing and the arguments and authorities previously presented, the challenged

portions of Act 311 are not preempted by any federal law and the Court should grant the Director's Motion for Summary Judgment and deny that of Plaintiffs.

DATED: Honolulu, Hawaii, May 24, 2024.

>ANNE E. LOPEZ
>Attorney General of Hawaiʻi
>
>/s/ Stuart N. Fujioka
>STUART N. FUJIOKA
>PATRICK K. KELLY
>Deputy Attorneys General
>
>Attorneys for Defendants
>STATE OF HAWAIʻI
>DEPARTMENT OF TRANSPORTATION,
>STATE OF HAWAIʻI and EDWIN
>SNIFFEN