ANNE E. LOPEZ                7609
Attorney General of Hawaiʻi

PATRICK K. KELLY             7290
STUART N. FUJIOKA            4223
Deputy Attorneys General
Dept. of the Attorney General
465 S. King Street, Suite 300
Honolulu, Hawaiʻi  96813
Telephone:  (808) 587-2992
Email:  patrick.k.kelly@hawaii.gov
        stuart.n.fujioka@hawaii.gov

Attorneys for Defendants
STATE OF HAWAIʻI; DEPARTMENT OF
TRANSPORTATION, STATE OF
HAWAIʻI; and EDWIN SNIFFEN, in his official
capacity as Director of the Department of
Transportation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HELICOPTER ASSOCIATION INTERNATIONAL, SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAIʻI,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>STATE OF HAWAIʻI; DEPARTMENT OF TRANSPORTATION, STATE OF HAWAIʻI; EDWIN SNIFFEN, in his official capacity as Director of | CIVIL NO. 1:23-CV-00083-KJM<br><br>DEFENDANT EDWIN SNIFFEN'S COUNTERSTATEMENT OF MATERIAL FACTS; CERTIFICATE OF SERVICE |

| Hawaiʻi Department of Transportation, | |
|---|---|
| Defendants. | |

**DEFENDANT EDWIN SNIFFEN'S**
**COUNTERSTATEMENT OF MATERIAL FACTS**

Department of Transportation (the "**Director**" or "**Defendant**"), through counsel above-named, respectfully submits his Counterstatement to Plaintiffs' Amended Concise Statement of Material Facts, ECF No. 59.

This response is submitted pursuant to Rule 56.1 of the Civil Local Rules of Practice for the United States District Court for the District of Hawaii, and is submitted in support of the Director's *Motion for Summary Judgment*, filed herein on April 17, 2024 ("**MSJ**").  *See* ECF No. 48.

COUNTERSTATEMENT TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACTS

| Plaintiffs' Purported Facts | Evidentiary Support | Defendant's Response |
|---|---|---|
| 1. Plaintiff Vertical Aviation International, formerly known as Helicopter Association International ("**HAI**"), has approximately 10 members who conduct air tours in Hawaii. | Cade Clark Decl. ¶¶5-7. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 2. Safari Aviation, Inc. d/b/a Safari Helicopters Hawaii ("**Safari**"), K&S | Calvin Dorn Decl. ¶4; Brent Armenta Decl. ¶4; J.C. Murphy Decl. ¶5. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the |

| | | |
|---|---|---|
| Helicopters, Inc. d/b/a Paradise Helicopters ("**Paradise**") and Alexair Inc. d/b/a Maverick Helicopters ("**Maverick**") are members of HAI. | | right to address its legal significance. |
| 3.  Paradise, Maverick and other HAI members operate Stage 2 aircraft for their air tours. | Dorn Decl. ¶3; Armenta Decl. ¶16; Clark Decl. ¶6. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 4.  Paradise and Maverick perform commercial services operations and charter services across the state and between multiple Hawaiian islands, including Oahu, Hawaiʻi Island, Kauai, Molokai, Lanai and Maui. | Dorn Decl. ¶5; Armenta Decl. ¶5. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 5.  The majority of air tours by HAI's members, including Paradise, Maverick, and Safari, are conducted from state-owned airports. | Dorn Decl. ¶14; Armenta Decl. ¶18; Murphy Decl. ¶14; Clark Decl. ¶9. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 6.  HAI's members, including Paradise, Maverick and Safari, generally have authority to operate from the Federal Aviation Administration ("**FAA**") pursuant to | Dorn Decl. ¶11;Armenta Decl. ¶14; Murphy Decl. ¶12; Clark Decl. ¶11. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |

| | | |
|---|---|---|
| 14 C.F.R. Part 135 ("**Part 135**") with the associated Operations Specifications. | | |
| 7.  HAI's members, including Paradise, Maverick and Safari, generally conduct air tours in conformity with Part 135 and 14 C.F.R. Part 136. | Dorn Decl. ¶12; Armenta Decl. ¶15; Murphy Decl. ¶13; Clark Decl. ¶11. | Defendant does not dispute that Plaintiffs are governed by the sections of C.F.R. referenced, however whether Plaintiffs conduct their air tours "in conformity" with those regulations is not material to a decision on the motions for Summary Judgment. |
| 8.  The FAA requires Hawaiʻi air tour operators to abide by the requirements set forth in Hawaii Air Tour Common Procedures Manual, Document Number AWP13-136A. | Ex. 12. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 9.  The FAA, in coordination with the National Park Service, has developed further rules for air tours over Volcano National Park and Haleakala National Park, both located in Hawaiʻi, based on the National Park Air Tour Management Act of 2000 (49 U.S.C. § 40128) and Part 136 | Ex. 13; Ex. 14. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |

3

| | | |
|---|---|---|
| 10. HAI's members, including Paradise, Maverick, and Safari, generally conduct their air tours under visual flight rules ("**VFR**") as opposed to instrument rules. | Dorn Decl. ¶3; Armenta Decl. ¶17; Murphy Decl. ¶11; Clark Decl. ¶16. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 11. The filing of VFR flight plans is almost always optional. | Dorn Decl. ¶3; Armenta Decl. ¶17; Murphy Decl. ¶11; Clark Decl. ¶16. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 12. Senate Bill ("**S.B.**") 3272 provides that "it is in the interest of the State to monitor and ensure that federal regulations are being followed[.]" | Ex. 1 at 2. | For purposes of the Motions for Summary Judgment, Defendant does not dispute that the quoted language is contained in the bill, but reserves the right to address its context and legal significance. |
| 13. The expressed intent behind S.B. 3272 was to "[r]equire tour aircraft operators to file … appropriate reports and disclosures so that the State can monitor their compliance with federal regulations." | Ex. 1 at 3. | For purposes of the Motions for Summary Judgment, Defendant does not dispute that the quoted language is contained in the bill, but reserves the right to address its context and legal significance. |
| 14. The Committee on Consumer Protection & Commerce issued report 1900-22 regarding S.B. 3272, which stated: "Your Committee finds that, while there have been | Ex. 2 at 1. | For purposes of the Motions for Summary Judgment, Defendant does not dispute that the quoted language is contained in the report, but reserves the right to address its context and legal significance. |

4

| | | |
|---|---|---|
| several efforts to address the excessive noise and safety hazards posed by tour helicopters and small aircrafts operating in the State, community concerns over excessive noise and safety hazards continue to grow.  This measure will assist [HDOT] in its monitoring of tour aircraft operators to determine their compliance with federal and state laws." | | |
| 15.  The Committee on Conference issued report no. 208-22 regarding S.B. 3272, which stated: "Your Committee on Conference finds that the noise from low-flying aircrafts over residential areas can cause health issues and negatively impact quality of life.  Due to increasing concerns, this measure requires tour aircraft operations to file reports so that the State can monitor their compliance with federal regulations." | Ex. 3 at 1. | For purposes of the Motions for Summary Judgment, Defendant does not dispute that the quoted language is contained in the report, but reserves the right to address its context and legal significance. |

| | | |
|---|---|---|
| 16.  The Committee on Transportation issued report no. 1231-22 rted: "Your Committee finds that there is increasing concern with safety risks and community disruption arising from tour helicopter and small aircraft operations in the State.  Although there have been collaborative efforts to address increasing safety and community disruption concerns, this measure further ensures transparency and accountability for tour aircraft operators by establishing certain reporting requirements." | Ex. 4 at 1-2. | For purposes of the Motions for Summary Judgment, Defendant does not dispute that the quoted language is contained in the report, but reserves the right to address its context and legal significance. |
| 17.  The Committee on Transportation also issued Standing Committee report no. 2694 regarding S.B. 3272, which stated: "Your Committee therefore finds that decisive action must be taken to increase safety precautions." | Ex. 5 at 2. | For purposes of the Motions for Summary Judgment, Defendant does not dispute that the quoted language is contained in the report, but reserves the right to address its context and legal significance. |
| 18.  The Committees on Commerce and Consumer Protection and Ways and Means issued Standing | Ex. 6 at 1. | For purposes of the Motions for Summary Judgment, Defendant does not dispute that the quoted language is contained in |

| | | |
|---|---|---|
| Committee report no. 2790 regarding S.B. 3272, which stated: "[I]t is in the interest of the State to monitor and ensure that these [federal] rules and regulations are being followed." | | the report, but reserves the right to address its context and legal significance. |
| 19. The Hawaii Department of Transportation ("**HDOT**") provided comments on S.B. 3272, which stated: "The [FAA] Grant Assurance No. 22, obligates DOT to make its airports available for public use on reasonable terms and without unjust discrimination to all aeronautical activities. The bill proposes to affect a specific population of airports users, thus arguably, discriminates. The FAA has authority to regulate the air space and aircraft operations. The DOT has no authority to establish rules or offer contract terms that attempts to manage flight operations of helicopter operators." | Ex. 7 at 1. | For purposes of the Motions for Summary Judgment, Defendant does not dispute that the quoted language is contained in the comment, but reserves the right to address its context and legal significance. |

7

| | | |
|---|---|---|
| 20. During a February 17, 2022 meeting, a Deputy Attorney General answered questions regarding S.B.3272 and "stated that the State could not require operators to provide information that was not "the same kind of information they're providing to the feds ... that's preempted by the fed law." | Ex. 15 (CD of https://www.youtube.com/watch?v=IOXFWK6e5Tw at 36:25.6). | For purposes of the Motions for Summary Judgment, Defendant does not dispute that the quoted statement was made at the meeting, but reserves the right to address its context and legal significance. |
| 21. The Hawaii Attorney General has previously warned that the requirement that helicopter operators maintain and make available records about their operations would be "subject to challenge under the Supremacy Clause of the U.S. Constitution." | Ex. 9 at 1. | Plaintiffs are referring to testimony from the Department of the Attorney General stating in part "The purpose of this bill is to add to chapter 261, Hawaii Revised Statutes, a new section that requires owners or operators of a helicopter subject to the chapter to maintain records to be made available to the Department of Transportation or to the public upon request and which include details of each flight the helicopter made for commercial purposes during the preceding calendar month. We believe that these record requirements would be subject to challenge under the Supremacy Clause of the U.S. |

8

| | | |
|---|---|---|
| | | Constitution." For purposes of the Motions for Summary Judgment, Defendant does not dispute that the quoted statement appears in the testimony, but objects to the characterization as a "warning" and reserves the right to address its context and legal significance. |
| 22. Former Governor Ige issued a press release, which indicated that S.B. 3272 was included on his intent-to-veto list because due to "federal preemption, [HDOT] has no authority to impose or enforce regulations regarding air space and aircraft operations under the jurisdiction of the [FAA.]" | Ex. 11 at 15. | For purposes of the Motions for Summary Judgment, Defendant does not dispute that the quoted language appears in the press release, but reserves the right to address its context and legal significance. |
| 23. On July 12, 2022, S.B. 3272 (Act 311) was enacted into law. | *See* Hawaii Revised Statutes ("**HRS**") § 261-12(b) | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 24. Act 311 amended HRS § 261-12(b) to include inter alia the "monthly reporting requirements" at issue in this litigation. | Ex. 1 at 5-6, HRS § 261-12(b). | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 25. The monthly reporting requirements | Clark Decl. ¶13; Dorn Decl. ¶¶6-9; Armenta | Defendant does not dispute this fact for purposes of the |

9

| | | |
|---|---|---|
| are burdensome and harmful to Safari and other HAI members who operate air tours in Hawaii. | Decl. ¶¶9-13; Murphy Decl. ¶¶6-10. | Motions for Summary Judgment but reserves the right to address its legal significance. |
| 26. Many of HAI's members, including Safari, Paradise and Maverick, typically operate air tours in Hawaii multiple flights a day, seven days a week. | Dorn Decl. ¶6; Murphy Decl. ¶6; Armenta Decl. ¶9; Clark Decl. ¶7. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 27. The monthly reporting requirements will require HAI's members, including Paradise, Maverick and Safari, to dedicate substantial time and resources to reporting data on flights every month. | Dorn Decl. ¶7; Armenta Decl. ¶10; Safari Decl. ¶7; Clark ¶14. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 28. HAI's members, including Paradise, Maverick and Safari, are not currently required to collect and compile the information required by the monthly reporting requirements. | Dorn Decl. ¶8; Armenta Decl. ¶11; Murphy Decl. ¶8; Clark Decl. ¶14. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |
| 29. The monthly reporting requirements will also require more work from pilots from inter alia, Paradise, Maverick and Safari, who will need to | Dorn Decl. ¶9; Armenta Decl. ¶12; Murphy Decl. ¶9. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |

10

| | | |
|---|---|---|
| record previously unspecified "flight plans" and "deviations" from those plans. | | |
| 30. The typical practice of pilots for HAI's members, including Paradise, Maverick and Safari, is to put safety first and make real time decisions based on weather and other issues that arise during flights. | Dorn Decl. ¶10; Armenta Decl. ¶13; Murphy Decl. ¶10; Clark Decl. at ¶15. | Defendant does not dispute this fact for purposes of the Motions for Summary Judgment but reserves the right to address its legal significance. |

DATED: Honolulu, Hawaii, <u>May 24, 2024</u>.

                                              ANNE E. LOPEZ
                                              Attorney General of Hawaiʻi

                                              /s/ Stuart N. Fujioka
                                              PATRICK K. KELLY
                                              STUART N. FUJIOKA
                                              Deputy Attorneys General

                                              Attorneys for Defendant
                                              EDWIN SNIFFEN