CADES SCHUTTE
A Limited Liability Law Partnership

CALVERT G. CHIPCHASE      7757
LISA K. SWARTZFAGER       10867
MALLORY T. MARTIN          10211
1000 Bishop Street, Suite 1200
Honolulu, Hawai'i 96813-4212
Telephone: (808) 521-9200
Email: cchipchase@cades.com
        lswartzfager@cades.com
        mmartin@cades.com

Attorneys for Plaintiffs
HELICOPTER ASSOCIATION
INTERNATIONAL and SAFARI AVIATION,
INC. d/b/a SAFARI HELICOPTERS HAWAI'I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HELICOPTER ASSOCIATION INTERNATIONAL, SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAI'I<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF HAWAI'I; DEPARTMENT OF TRANSPORTATION, STATE OF HAWAI'I; and EDWIN SNIFFEN, in his official capacity as Director of the Hawai'i Department of Transportation,<br><br>Defendants. | Civil No. 1:23-cv-00083 KJM<br><br>**PLAINTIFFS HELICOPTER ASSOCIATION INTERNATIONAL and SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAI'I'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT EDWIN SNIFFEN'S MOTION FOR SUMMARY JUDGMENT, FILED APRIL 17, 2024 [DKT. 48]**<br><br>**DECLARATION OF LISA K. SWARTZFAGER;** |

**EXHIBIT A**

**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

**CERTIFICATE OF SERVICE**

**PLAINTIFFS HELICOPTER ASSOCIATION INTERNATIONAL and SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAIʻI'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT EDWIN SNIFFEN'S MOTION FOR SUMMARY JUDGMENT, FILED APRIL 17, 2024 [DKT. 48]**

Plaintiffs Helicopter Association International and Safari Aviation, Inc., dba Safari Helicopters Hawaiʻi (together, "**Plaintiffs**") submit their Concise Statement of Facts in Opposition to Defendant Edwin Sniffen's ("**Defendant**") Motion for Summary Judgment and accompanying Amended Concise Statement of Facts, Filed April 17, 2024 [Dkt. 57] and April 19, 2024 [Dkt. 57], respectively.

## I. RESPONSE

| | PLAINTIFFS' RESPONSES | EVIDENTIARY SUPPORT |
|---|---|---|
| 1. | Not disputed. | |
| 2. | Partially disputed. The legislative history reflects that the purpose of Act 311 was also to | Dkt. 59-7 (Ex. 2 (Stand. Comm. Rep. 1900-22) at 1; Dkt. 59-8 (Ex. 3 (Conf. Comm. Rep. 208-22) at 1; Dkt. 59-9 |

| | PLAINTIFFS' RESPONSES | EVIDENTIARY SUPPORT |
|---|---|---|
| | address, among other things, safety and noise concerns. | (Ex. 4 (Stand. Comm. Rep. 1231-22) at 1-2; Dkt. 59-11 (Ex. 6 (Stand. Comm. Rep. 2790) at 1. |
| 3. | Not disputed | |
| 4. | Not disputed. | |

## II.   ADDITIONAL MATERIAL FACTS

| | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 5. | Plaintiff Vertical Aviation International, formerly known as Helicopter Association International ("**HAI**"), has approximately ten members who conduct air tours in Hawai'i. | Dkt. 59-5 (Clark Decl.) ¶¶5-7.[1] |
| 6. | Safari Aviation, Inc. d/b/a Safari Helicopters Hawaii ("**Safari**"), K&S Helicopters, Inc., d/b/a Paradise Helicopters ("**Paradise**"), and Alexair Inc., d/b/a Maverick Helicopters ("**Maverick**"), are members of HAI. | Dkts. 59-2 to 59-4 (Dorn Decl. ¶4; Armenta Decl. ¶4; Murphy Decl. ¶5). |

[1] All numbered exhibits and declarations referenced herein are to the exhibits and declarations filed in support of Plaintiffs' Motion for Summary Judgment [Dkt. 48] and attached to Plaintiffs' Amended Concise Statement of Facts [Dkt. 59].

3

|  | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 7. | Paradise, Maverick and other HAI members operate Stage 2 aircraft for their air tours. | Dkts. 59-2, 59-3, 59-5 (Dorn Decl. ¶3; Armenta Decl. ¶16; Clark Decl. ¶6). |
| 8. | Paradise and Maverick perform commercial services operations and charter services across the state and between multiple Hawaiian islands, including Oahu, Hawaiʻi Island, Kauai, Molokai, Lanai and Maui. | Dkts, 59-2, 59-3 (Dorn Decl. ¶5; Armenta Decl. ¶5). |
| 9. | The majority of air tours by HAI's members, including Paradise, Maverick and Safari, are conducted from state-owned airports. | Dkts. 59-2 to 59-5 (Dorn Decl. ¶14; Armenta Decl. ¶18; Murphy Decl. ¶14; Clark Decl. ¶9). |
| 10. | HAI's members, including Paradise, Maverick and Safari, generally have authority to operate from the Federal Aviation Administration ("**FAA**") pursuant to 14 C.F.R. Part 135 ("**Part 135**") with the associated Operations Specifications. | Dkts. 59-2 to 59-5 (Dorn Decl. ¶11; Armenta Decl. ¶14; Murphy Decl. ¶12; Clark Decl. ¶11). |
| 11. | HAI's members, including Paradise, Maverick and Safari, generally conduct air tours in conformity with Part 135 and 14 C.F.R. Part 136. | Dkts. 59-2 to 59-5 (Dorn Decl. ¶12; Armenta Decl. ¶15; Murphy Decl. ¶13; Clark Decl. ¶11). |
| 12. | The FAA requires Hawaiʻi air tour operators to abide by the requirements set forth in Hawaii Air Tour Common Procedures | Dkt. 59-17 (Ex. 12). |

|  | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
|  | Manual, Document Number AWP13-136A. |  |
| 13. | HAI's members, including Paradise, Maverick and Safari, generally conduct their air tours under visual flight rules ("**VFR**") as opposed to instrument rules. | Dkts. 59-2 to 59-5 (Dorn Decl. ¶3; Armenta Decl. ¶17; Murphy Decl. ¶11; Clark Decl. ¶16). |
| 14. | The filing of VFR flight plans is almost always optional. | Dkts. 59-2 to 59-5 (Dorn Decl. ¶3; Armenta Decl. ¶17; Murphy Decl. ¶11; Clark Decl. ¶16). |
| 15. | Senate Bill ("**S.B.**") 3272 provides that "it is in the interest of the State to monitor and ensure that federal regulations are being followed[.]" | Dkt. 59-6 (Ex. 1) at 2. |
| 16. | The expressed intent of S.B. 3272 was to "[r]equire tour aircraft operators to file … appropriate reports and disclosures so that the State can monitor their compliance with federal regulations." | Dkt. 59-6 (Ex. 1) at 3. |
| 17. | The Committee on Consumer Protection & Commerce issued report 1900-22 regarding S.B. 3272, which stated, "Your Committee finds that, while there have been several efforts to address the excessive noise and safety hazards posed by tour helicopters and small aircrafts operating in the State, community concerns over excessive | Dkt. 59-7 (Ex. 2) at 1. |

|  | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
|  | noise and safety hazards continue to grow. This measure will assist [HDOT] in its monitoring of tour aircraft operators to determine their compliance with federal and state laws." |  |
| 18. | The Committee on Conference issued report no. 208-22 regarding S.B. 3272, which stated, "Your Committee on Conference finds that the noise from low-flying aircrafts over residential areas can cause health issues and negatively impact quality of life. Due to increasing concerns, this measure requires tour aircraft operations to file reports so that the State can monitor their compliance with federal regulations." | Dkt. 59-8 (Ex. 3) at 1. |
| 19. | The Committee on Transportation issued report no. 1231-22 regarding S.B. 3272, which stated, "Your Committee finds that there is increasing concern with safety risks and community disruption arising from tour helicopter and small aircraft operations in the State. Although there have been collaborative efforts to address increasing safety and community disruption concerns, this measure further ensures transparency and accountability for tour aircraft | Dkt. 59-9 (Ex. 4) at 1-2. |

|  | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
|  | operators by establishing certain reporting requirements." |  |
| 20. | The Committee on Transportation also issued Standing Committee report no. 2694 regarding S.B. 3272, which stated, "Your Committee therefore finds that decisive action must be taken to increase safety precautions." | Dkt. 59-10 (Ex. 5) at 2. |
| 21. | The Committees on Commerce and Consumer Protection and Ways and Means issued Standing Committee report no. 2790 regarding S.B. 3272, which stated, "[I]t is in the interest of the State to monitor and ensure that these [federal] rules and regulations are being followed." | Dkt. 59-11 (Ex. 6) at 1. |
| 22. | The Hawaiʻi Department of Transportation ("**HDOT**") provided comments on S.B. 3272, which stated, "The [FAA] Grant Assurance No. 22, obligates DOT to make its airports available for public use on reasonable terms and without unjust discrimination to all aeronautical activities. The bill proposes to affect a specific population of airports users, thus arguably, discriminates. The FAA has authority to regulate the air space and aircraft operations. The DOT has no | Dkt. 59-12 (Ex. 7) at 1. |

| | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| | authority to establish rules or offer contract terms that attempts to manage flight operations of helicopter operators." | |
| 23. | The Hawaiʻi Attorney General previously warned that the requirement that helicopter operators maintain and make available records about their operations would be "subject to challenge under the Supremacy Clause of the U.S. Constitution." | Dkt. 59-14 (Ex. 9) at 1. |
| 24. | Former Governor Ige issued a press release, which indicated that S.B. 3272 was included on his intent-to-veto list because, due to "federal preemption, [HDOT] has no authority to impose or enforce regulations regarding air space and aircraft operations under the jurisdiction of the [FAA.]" | Dkt. 59-16 (Ex. 11) at 15. |
| 25. | On July 12, 2022, S.B. 3272 (Act 311) was enacted into law. | *See* Hawaii Revised Statutes ("**HRS**") § 261-12(b) |
| 26. | Act 311 amended HRS § 261-12(b) to include *inter alia* the "monthly reporting requirements" at issue in this litigation. | Dkt. 59-6 (Ex. 1 at 5-6, HRS § 261-12(b)). |
| 27. | The monthly reporting requirements are burdensome and harmful to HAI members who operate air tours in Hawaiʻi, | Dkts. 59-2 to 59-5 (Clark Decl. ¶13; Dorn Decl. ¶¶6-9; Armenta Decl. ¶¶9-13; Murphy Decl. ¶¶6-10). |

|  | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
|  | including Safari, Paradise and Maverick. |  |
| 28. | Many of HAI's members, including Safari, Paradise and Maverick, typically operate air tours in Hawai'i with multiple flights a day, seven days a week. | Dkts. 59-2 to 59-5 (Dorn Decl. ¶6; Murphy Decl. ¶6; Armenta Decl. ¶9; Clark Decl. ¶7). |
| 29. | The monthly reporting requirements will require HAI's members, including Paradise, Maverick and Safari, to dedicate substantial time and resources to reporting data on flights every month. | Dkts. 59-2 to 59-5 (Dorn Decl. ¶7; Armenta Decl. ¶10; Safari Decl. ¶7; Clark ¶14). |
| 30. | HAI's members, including Paradise, Maverick and Safari, are not currently required to collect and compile the information required by the monthly reporting requirements. | Dkts. 59-2 to 59-5 (Dorn Decl. ¶8; Armenta Decl. ¶11; Murphy Decl. ¶8; Clark Decl. ¶14). |
| 31. | The monthly reporting requirements will require more work from pilots, including pilots with, Paradise, Maverick and Safari, who will need to record previously unspecified "flight plans" and "deviations" from those plans. | Dkts. 59-2 to 59-4 (Dorn Decl. ¶9; Armenta Decl. ¶12; Murphy Decl. ¶9). |
| 32. | The typical practice of pilots for HAI's members, including Paradise, Maverick and Safari, is to put safety first and make real time decisions based on weather | Dkts. 59-2 to 59-5 (Dorn Decl. ¶10; Armenta Decl. ¶13; Murphy Decl. ¶10; Clark Decl. at ¶15). |

9

|  | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
|  | and other issues that arise during flights. |  |
| 33. | Section 364 of the FAA Reauthorization Bill of 2024, which became law May 16, 2024, allows the FAA to participate as a technical advisor to the Hawaiʻi's noise and safety task force and requires the FAA, within 18 months of the task force making recommendations, to (1) issue an intent to proceed with a proposed rulemaking, (2) take other action sufficient to carry out feasible, consensus recommendations, or (3) issue a statement determining that no such rule or other action is warranted. | P.L. 118-63 (effective May 16, 2024) (Ex. A at 4-5). |

DATED: Honolulu, Hawaiʻi, May 24, 2024.

CADES SCHUTTE
A Limited Liability Law Partnership

*/s/ Lisa K. Swartzfager*
CALVERT G. CHIPCHASE
LISA K. SWARTZFAGER
MALLORY T. MARTIN
Attorneys for Plaintiffs
HELICOPTER ASSOCIATION
INTERNATIONAL and SAFARI
AVIATION, INC. d/b/a SAFARI
HELICOPTERS HAWAIʻI

10