ANNE E. LOPEZ                    7609
Attorney General of Hawaiʻi

PATRICK K. KELLY                 7290
STUART N. FUJIOKA                4223
Deputy Attorneys General
Dept. of the Attorney General
465 S. King Street, Suite 300
Honolulu, Hawaiʻi  96813
Telephone:  (808) 587-2992
Email:  patrick.k.kelly@hawaii.gov
        stuart.n.fujioka@hawaii.gov

Attorneys for Defendants
STATE OF HAWAIʻI; DEPARTMENT OF
TRANSPORTATION, STATE OF
HAWAIʻI; and EDWIN SNIFFEN, in his official
capacity as Director of the Department of
Transportation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HELICOPTER ASSOCIATION INTERNATIONAL, SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAIʻI,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF HAWAIʻI; DEPARTMENT OF TRANSPORTATION, STATE OF HAWAIʻI; EDWIN SNIFFEN, in his official capacity as Director of Hawaiʻi Department of Transportation, | CIVIL NO. 1:23-CV-00083-KJM<br><br>DEFENDANT EDWIN SNIFFEN'S MEMORANDUM IN REPLY TO PLAINTIFFS HELICOPTER ASSOCIATION INTERNATIONAL AND SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAII'S OPPOSITION TO HIS MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>Hearing Date:  June 21, 2024<br>Time:  9:30 a.m.<br><u>Presiding Magistrate Judge</u>:<br>Hon. Kenneth J. Mansfield |

|       |       |
| :---: | :---: |
| Defendants. |       |

DEFENDANT EDWIN SNIFFEN'S MEMORANDUM IN
REPLY TO PLAINTIFFS HELICOPTER ASSOCIATION
INTERNATIONAL AND SAFARI AVIATION, INC.
d/b/a SAFARI HELICOPTERS HAWAII'S OPPOSITION
TO HIS MOTION FOR SUMMARY JUDGMENT

Defendant Edwin Sniffen, in his official capacity as Director of the Hawaiʻi Department of Transportation ("Director Sniffen" or "the Director") through counsel above-named and in accordance with Local Rule 7.2, submits this Memorandum in Reply to Plaintiffs Helicopter Association International ("HAI") and Safari Aviation, Inc. d/b/a Safari Helicopters Hawaii's (collectively "Plaintiffs") May 24, 2024 Opposition to the Director's Motion for Summary Judgment ("Opposition," ECF No. 64) as corrected by their Errata filed on May 29, 2024 (ECF No. 66-1).

1. **Recent Developments**

The Plaintiffs' Opposition presents essentially the same arguments based on the same authority as set forth in their Amended Motion for Summary Judgment filed on April 29, 2024 (ECF No. 58), and fails to establish that they are entitled to Summary Judgment under any theory of federal preemption.  The Motions and Oppositions clearly set out the dispute between the parties based on their divergent point of view, and by way of reply the Director addresses herein, the recent Federal

legislation submitted as "Exhibit A" with Plaintiffs' objections to the Director's Concise Statement of Facts (ECF No. 65-2) and cited at p. 14 of the Opposition, PageID. 1747.

### 2. Monthly Reporting is Essential to the FAA

Plaintiffs' Exhibit A consists of the index and portions of the FAA (Federal Aviation Administration) Reauthorization Act of 2024 which was signed by the President of the United States on May 16, 2024, subsequent to the enactment of Act 311, the filing of the Complaint herein and even after the filing of Motions for Summary Judgment. Section 364 specifically addresses Hawaii and states:

> Sec. 364 HAWAII AIR NOISE AND SAFETY TASK FORCE.
>
> (a)     PARTICIPATION.—To the extent acceptable to the State of Hawaii, the Administrator shall participate as a technical advisor in the air noise and safety task force established by State legislation in the State of Hawaii.
> (b)     RULEMAKING.—Not later than 18 months after the date on which the task force described in subsection (a) delivers findings and consensus recommendations to the FAA, the Administrator shall, consistent with maintaining the safety and efficiency of the national airspace system—
> > (1) Issue an intent to proceed with a proposed rulemaking;
> > (2) Take other action sufficient to carry out feasible, consensus recommendations; or
> > (3) Issue a statement determining that no such rule or other action is warranted, including a detailed explanation of the rationale for such determination.
>
> (c)     CONSIDERATIONS.—In determining whether to proceed with a proposed rulemaking, guidance, or other action under subsection (b) and, if applicable, in developing the proposed rule,

> guidance, or carrying out the other action, the Administrator *shall consider the findings and consensus recommendations of the task force described in subsection (a)*.
> (d)   AUTHORITIES.—In issuing the rule, guidance or carrying out the other action described in subsection (b), the Administrator may take actions in the State of Hawaii to—
> 
> (1) Provide commercial air tour operators with preferred routes, times, and minimum altitudes for the purpose of noise reduction, so long as such recommendations do not negatively impact safety conditions;
> (2) Provide commercial air tour operators with information regarding quiet aircraft technology; and
> (3) Establish a method for residents of the State of Hawaii to publicly report noise disruptions due to commercial air tours and for commercial air tour operators to respond to complaints.

Emphasis added.

The "Air Noise and Safety Task Force" (the "Task Force") is created pursuant to Section 3 of Act 311, see Exh. A to the Director's Motion, PageID.1296.  Pursuant to subsection (d), the Task Force is to include (3) at least one representative from the helicopter industry and (4) at least one representative from the small aircraft industry.

The Task Force must, among other things:

> (b)(1) Collect and review data on tour aircraft operations submitted to the department of transportation pursuant to section 261-  and any other information related to aircraft noise and safety that may be available;…

Thus, in addition to the justifications presented in the Director's Motion for Summary Judgment and Opposition to that of Plaintiffs, the collection of data in

the monthly reports is essential to properly inform the FAA in its rulemaking process. Far from being preempted, the reporting requirement of Act 311 is essential in order for the Task Force to provide the FAA with reliable findings and consensus recommendations to guide further rulemaking in accordance with the FAA Reauthorization Act.

### 3. Conclusion

For the reasons stated herein and in the Director's Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment and as supported by the entire record, the Court should grant the Director's Motion and enter Judgment in his favor.

DATED:  Honolulu, Hawai'i, <u>May 31, 2024</u>.

<u>/s/ Stuart N. Fujioka</u>
PATRICK K. KELLY
STUART N. FUJIOKA
Deputy Attorneys General

Attorneys for Defendant
EDWIN SNIFFEN