CADES SCHUTTE
A Limited Liability Law Partnership

CALVERT G. CHIPCHASE      7757
LISA K. SWARTZFAGER        10867
1000 Bishop Street, Suite 1200
Honolulu, Hawaiʻi 96813-4212
Telephone: (808) 521-9200
Email: cchipchase@cades.com
     lswartzfager@cades.com

Attorneys for Plaintiffs
HELICOPTER ASSOCIATION
INTERNATIONAL and SAFARI AVIATION,
INC. d/b/a SAFARI HELICOPTERS HAWAIʻI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HELICOPTER ASSOCIATION INTERNATIONAL, SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAIʻI<br><br>            Plaintiffs,<br><br>       v.<br><br>STATE OF HAWAIʻI; DEPARTMENT OF TRANSPORTATION, STATE OF HAWAIʻI; and EDWIN SNIFFEN, in his official capacity as Director of the Hawaiʻi Department of Transportation,<br><br>            Defendants. | Civil No. 1:23-cv-00083<br><br>**PLAINTIFFS HELICOPTER ASSOCIATION INTERNATIONAL and SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS HAWAIʻI'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' AMENDED MOTION FOR SUMMARY JUDGMENT FILED APRIL 29, 2024 [DKT. 58]**<br><br>**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**<br><br>**CERTIFICATE OF SERVICE** |

**PLAINTIFFS HELICOPTER ASSOCIATION INTERNATIONAL
and SAFARI AVIATION, INC. d/b/a SAFARI HELICOPTERS
HAWAIʻIʻS REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' AMENDED MOTION FOR SUMMARY
<u>JUDGMENT FILED APRIL 29, 2024 [DKT. 58]</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................ 1

II.   ARGUMENT ...................................................................... 3

    A.    Act 311 Is Preempted by Field Preemption. ......................... 3

    B.    Act 311 Is Preempted by Conflict Preemption...................... 5

    C.    Act 311 Is Preempted by the ADA....................................... 6

    D.    Act 311 Is Preempted by ANCA. ....................................... 11

    E.    Permit Requirements Do Not Escape Federal Review........ 14

III.  CONCLUSION .................................................................. 18

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

480 U.S. 572 (1987) ................................................................ 16

504 U.S. 374 (1992) ............................................................. 9, 10

634 F.3d 206 (2d Cir. 2011) ................................................... 16

711 F.Supp. 678 (N.D.N.Y. 1989) ........................................... 17

2024 U.S. Dist. LEXIS 53879 (S.D. W.Va. Mar. 26, 2024) ................. 11

*ABC Charters, Inc. v. Bronson,*
    591 F.Supp.2d 1272 & 1301 n.26 (S.D. Fla. 2008) ........................... 10

*Air Evac EMS, Inc. v. Dodrill,*
    548 F.Supp.3d 580 (S.D. W.Va. 2021) ................................... 10

*Bernstein v. Virgin America, Inc.,*
    3 F.4th 1127 (9th Cir. 2021) .................................................. 4

*British Airways Bd. v. Port Authority,*
    564 F.2d 1002 (2nd Cir. 1977) .............................................. 7

*Burbank v. Lockheed Air Terminal, Inc.,*
    411 U.S. 624 (1973) ........................................................... 3

*Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton,*
    841 F.3d 133 (2d Cir. 2016) .................................................. 7, 8, 9, 14

*Int'l Aerobatics Club Chapter 1 v. City of Morris,*
    76 F. Supp. 3d 767 (N.D. Ill. 2014) ....................................... 5

*San Francisco v. FAA,*
    942 F.2d 1391 (9th Cir. 1991) ............................................. 7, 9

*Weeks v. American Eagle Airlines, Inc.,*
    2008 WL 11351284 (S.D. Ohio Dec. 22, 2008) ................................. 10

*Western Air Lines, Inc. v. Port Auth. of New York & New Jersey,*
    658 F.Supp. 952 (S.D.N.Y. 1986) ....................................... 7

*Yonemoto v. McDonald, No. 11-00533-JMS,*
    2015 WL 1863033 (D. Haw. Apr. 22, 2015) ................................. 2, 12

## Statutes

49 U.S.C. § 41713(b)(1) ................................................................ 6

49 U.S.C. § 47524(b) ................................................................ 12, 13

HRS § 261-12 ................................................................ *passim*

section 261 ................................................................ 4

Section 364 ................................................................ 4, 3

§ 261-12(b)(8) ................................................................ 14, 15

## Other

14 C.F.R § 161.205(a) ................................................................ 12, 13

14 C.F.R. Part 161 ................................................................ 1, 2

14 C.F.R. § 161.5 ................................................................ 13

ANCA. See supra ................................................................ 18

## I.   <u>INTRODUCTION</u>

Defendant explicitly makes the following concessions:

- The monthly reporting requirements **address safety and noise concerns** from tour aircraft. Opp. at 2-4 (emphasis added).

- Act 311 amended HRS § 261-12 "to require tour aircraft operators to file certain reports and disclosures **to aid the State in monitoring compliance with federal regulations**." Dkt. 48-1 ("**Def. Mot.**") at 2 (emphasis added).

- The monthly reporting requirements are "**an expansion** of the longstanding **conditions for air tour operators to maintain their permits**." Opp. at 5 (emphasis added).

Defendant concedes the following points by failing to address them:

- The FAA has exclusive authority to regulate how aircraft operate and all other matters related to aviation safety and efficiency. Mot. at 10-11.

- Field preemption applies even if a state law requirement is intended to parallel an FAA requirement. *Id.* at 12.

- The monthly reporting requirements impose more onerous requirements than those imposed by the FAA. *Id.* at 16.

- Safari and HAI's members are air carriers within the meaning of the ADA. *Id.* at 23-24.

- The aircraft operated by HAI's members are generally Stage 2 aircraft. *Id.* at 28 n.7.

- The State has not complied with the procedural requirements set forth in 14 C.F.R. Part 161 for the study, public comment and FAA review of the monthly reporting requirements. *Id.* at 30.

- ANCA does not contain an exception for proprietary authority. *Id.* at 28.

- A permanent injunction is the appropriate remedy for preempted regulations. *Id.* at 30-31.

"It is well-established that a party's failure to raise an issue in opposition to a motion for summary judgment operates as a waiver of that issue." *Yonemoto v. McDonald*, No. 11-00533-JMS, 2015 WL 1863033, at *7 (D. Haw. Apr. 22, 2015) (citing cases). Based on these concessions alone, the monthly reporting requirements are preempted by field preemption, conflict preemption, the ADA, and ANCA. *See infra*, at Sections II.A-D.

On the few points that Defendant attempts to address, the arguments are meritless and reflect a fundamental misunderstanding of preemption. *See infra*, Sections II.A-I.D. For example, Defendant asserts, without any support or elaboration, that the monthly reporting requirements are not preempted because the Federal Aviation Act, ADA, and ANCA do not "address the impact of low-flying tour aircraft upon neighboring communities." Dkt. 62 ("**Opp.**") at 2. Putting aside the inaccuracy of the statement, Defendant ignores that Act 311 requires air tour operators to provide monthly reports detailing, *inter alia*, intended flight paths and any deviations from those flight paths and that the reporting requirements are intended to regulate aircraft noise and monitor compliance with federal regulations. Nothing more is required to establish field

2

preemption, conflict preemption, ADA preemption, and ANCA preemption. *See* Mot. at Section IV; *infra*, Sections II.A-D.

The Court should grant Plaintiffs' Motion.

## II.   ARGUMENT

### A.   Act 311 Is Preempted by Field Preemption.

The federal government exclusively occupies the field of aviation safety and efficiency, including through the Federal Aviation Act. Mot. at 9-15; *Burbank v. Lockheed Air Terminal, Inc.*, 411 U.S. 624, 644 (1973) ("[t]he paramount concerns of Congress [in enacting the Federal Aviation Act of 1958] were to regulate federally all aspects of air safety … and, once aircraft were 'in flight,' airspace management") (internal citations omitted). Congress's intent regarding the FAA's comprehensive role and authority in regulating safety and efficiency of the national airspace in Hawai'i, including related to aviation noise reduction, is confirmed by Section 364 of the FAA Reauthorization Act of 2024 ("**Section 364**"). Among other things, Section 364 allows a Hawai'i noise and safety task force to make recommendations to the FAA and reserves to the FAA exclusive responsibility to (1) issue an intent to proceed with a proposed rulemaking, (2) take other action sufficient to carry out feasible, consensus recommendations and (3) issue a statement determining that no such

rule or other action is warranted.[1] Dkt. 65-2 (P.L. 118-63 (effective May 16, 2024)) at 3-4.

State regulations that attempt to regulate in the field of aviation safety and efficiency are preempted. *Bernstein v. Virgin America, Inc.*, 3 F.4th 1127, 1138-39 (9th Cir. 2021) ("[C]ase law makes clear that field preemption generally applies to state regulations specifically in the field of aviation safety."). Defendant correctly observes that the purpose of Act 311 is to address noise and safety concerns. Opp. at 2-4. The observation establishes field preemption.

Nor may a state impose requirements on federally approved operators to monitor compliance with federal law under threat of enforcement for failing to follow those state requirements because "**exclusive**

---

[1] Defendant asserts that Section 364 supports his position because the Hawaiʻi noise and safety task force was established by Act 311 and Act 311 provides the task force must "[c]ollect and review data on tour aircraft operations submitted to the department of transportation pursuant to section 261." Dkt. 68 (Defendant's Reply re Motion for Summary Judgment) at 4. Defendant pushes the Court to accept coincidence as credence. Section 364 does not reference HRS § 261-12(b) or the monthly reporting requirements, and nothing in Section 364 provides that Congress is exempting any state law requirements, much less the monthly reporting requirements, from field, conflict, ADA and ANCA preemption. In any event, Plaintiffs have not challenged the creation of the task force. Plaintiffs have challenged the reporting requirements.

enforcement is an indispensable component of [the FAA's] plenary authority." *Int'l Aerobatics Club Chapter 1 v. City of Morris*, 76 F. Supp. 3d 767, 783 (N.D. Ill. 2014) (emphasis added) (ordinance that "purports to empower municipal officials not employed by the FAA to enforce FAA standards" is preempted and not enforceable).

Thus, the monthly reporting requirements are preempted pursuant to field preemption. Mot. at 9-15.

### B.   Act 311 Is Preempted by Conflict Preemption.

Defendant makes the conclusory statement that "[t]he expansion of reporting requirements is not ... in conflict with any existing federal law." Opp. at 8. Defendant does not cite a case or provide any analysis supporting this argument.

Consistent with the failure to provide supporting authority, Defendant fails to address the detailed analysis in Plaintiffs' Motion explaining the monthly reporting requirements are preempted pursuant to conflict preemption because they (1) are an obstacle to Congress's intent to regulate **the safety and operations of air tours** in Hawaiʻi because they impose more onerous requirements than those imposed by the FAA and (2) impose **an access restriction** at state-owned airports

**by requiring air tour operators to fulfill its reporting requirements to obtain a permit to operate at those airports** subject to both the revocation of the permit and fines. Mot. at 15-22.

## C.    Act 311 Is Preempted by the ADA.

The ADA broadly prohibits states and localities from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). Thus, any regulation that relates to a price, route or service of an air carrier is preempted by the ADA regardless of whether the regulation addresses the impact of low-flying aircraft. *Id.*

In attempt to avoid the consequences of this rule, Defendant argues that (1) the proprietary powers exception to ADA preemption applies, (2) Plaintiffs' citation to case law does not support ADA-based preemption and (3) the reporting requirements are an expansion of statutory requirements "to provide a sectional aeronautical chart indicating routes and identify noise abatement procedures and the regulatory requirements to report revenue landings," and therefore, do not relate to a price, route or service. Opp. at 6-9. None of these arguments has merit.

The right of an airport proprietor to control noise at local airports "**is narrow**, vesting the proprietor 'only with the power to promulgate reasonable, nonarbitrary **and non-discriminatory regulations that establish acceptable noise levels for the airport and its immediate environs**.'" *Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 154 (2d Cir. 2016) ("**Friends**") (citations omitted; emphasis added). Although "[t]he federal government regulates aircraft and airspace pervasively, preempting regulation of aircraft noise by state or local governments[,] … Congress reserved **a limited role** for local airport proprietors in regulating noise levels **at their airports**." *See San Francisco v. FAA*, 942 F.2d 1391, 1394 (9th Cir. 1991) (emphasis added; citation omitted); *see also British Airways Bd. v. Port Authority,* 564 F.2d 1002, 1010 (2nd Cir. 1977) (airport proprietors have an "**extremely limited role**" in the system of aviation regulation) (emphasis added).[2]

---

[2] Defendant cites *Western Air Lines, Inc. v. Port Auth. of New York & New Jersey*, 658 F.Supp. 952 (S.D.N.Y. 1986), *aff'd* 817 F.2d 222 (2d Cir. 1987) for the proposition that "proprietary powers can include environmental problems other than noise." Opp. at 7. In *Western Air Lines*, the court concluded a rule prohibiting nonstop flights to and from New York's LaGuardia airport in excess of 1,500 miles was within the airport's proprietary right to control ground congestion at its airport. *Id.* at 956-960. There is no suggestion the monthly reporting requirements are an attempt to control ground congestion at state airports. Rather, as

The monthly reporting requirements do not fall within the State's proprietary rights for two reasons. First, the monthly reporting requirements are not narrowly restricted to controlling noise at the airport and its immediate environs. Rather, Act 311 requires the submission of a monthly reports for all tours from state-controlled airports regardless of whether the tour stays within the immediate environs of the airport and requires information regarding, *inter alia*, "the flight path **from takeoff through landing**" and whether the aircraft deviated from the intended flight plan. HRS § 261-12(b)(8) (emphasis added). Thus, the reporting requirements are not restricted to regulating noise at the airport and its immediate vicinity. *Friends*, 841 F.3d at 154.

Second, the monthly reporting requirements are discriminatory because they only apply to one category of airport users—air tour operators. Indeed, in its comments on S.B. 3272, HDOT stated:

> **The bill proposes to affect a specific population of airports users, thus arguably, discriminates**. The FAA has authority to regulate the air space and aircraft operations.

---

Defendant concedes, they are regulations that address noise and safety concerns, Opp. at 2-4, which reglations fall within the proprietary exception only if they are "reasonable, nonarbitrary and non-discriminatory regulations that establish acceptable noise levels for the airport and its immediate environs.'" *Friends*, 841 F.3d at 154.

> The [Hawai'i] DOT has no authority to establish rules … that attempt[] to manage flight operations of helicopter operators.

Dkt. 59-12 (Ex. 7) at 1 (emphasis added)). HDOT was correct. Airports may not impose different noise standards on specific types of operators or aircraft. *See San Francisco,* 942 F.2d at 1396 (enjoining local noise regulation that prohibited one type of aircraft landing rights as unjustly discriminatory under a related statute); *Friends*, 841 F.3d at 154.

Thus, the monthly reporting requirements are not saved from ADA preemption by the proprietary exception.

Defendant's attempt to distinguish the caselaw in Plaintiffs' Motion supporting ADA preemption falls flat. Defendant merely points out the factual circumstances of the cases. Opp. at 7. Plaintiffs cite the cases because, *inter alia*, they support the rule that any reporting requirement that relates to the price, route or service of an air carrier is preempted. Mot. at 26-27. This rule applies to a wide range of factual situations.

For example, Plaintiffs attempt to distinguish *Morales* by observing that the Supreme Court held the ADA preempts states from enforcing deceptive practices laws against airline fare advertising. 504 U.S. 374, 383-390 (1992). Here, *Morales* supports ADA preemption because, among other things, the Court emphasized the broad scope of the ADA by

explaining that state laws "**having a connection with or reference to** airline 'rates, routes, or services' **are pre-empted**" even if the challenged law is consistent with federal law and even if the law's effect "is only indirect." *Id.* at 383, 386-387 (emphasis added); *see also Weeks v. American Eagle Airlines, Inc.*, 2008 WL 11351284, at *2 (S.D. Ohio Dec. 22, 2008) ("Air safety and the associated reporting requirements are inherently related to aircraft services–protecting passengers and crew by ensuring compliance thus cannot be too remote for preemption."); *ABC Charters, Inc. v. Bronson*, 591 F.Supp.2d 1272, 1283 & 1301 n.26 (S.D. Fla. 2008) (state law imposing reporting requirements on companies selling travel-related services to Cuba is preempted because "the imposition of … pervasive reporting requirements … is, on its face, related to the 'service' of tour operators …, as well as their 'price' and 'routes'"); *Air Evac EMS, Inc. v. Dodrill*, 548 F.Supp.3d 580, 590-91 (S.D. W.Va. 2021) (state law imposing licensing requirements on air ambulances that included financial reporting requirements was preempted by the ADA).

Finally, Defendant's claims that the reporting requirements do not relate to routes because they are an expansion of statutory requirements "to provide a sectional **aeronautical chart indicating routes** and

identify noise abatement procedures," and therefore, do not relate to routes. Opp. at 7. The claim veers between being circulate and being internally inconsistent. In *Air Evac EMS, Inc. v. McVey*, the court held that state regulations of an air ambulance's membership program were preempted by the ADA despite the state's attempt to call the regulations "insurance" regulations. As the court explained, "simply calling something insurance does not make it [so]." 2024 U.S. Dist. LEXIS 53879, *31 (S.D. W.Va. Mar. 26, 2024). Here, saying something does not relate to routes does not make it so. The requirements to provide a chart indicating routes and the expanded requirements to provide an intended **flight path** and **any deviations from that flight path** on their face "relate to," *i.e.*, have a connection with or reference to, the routes and services of air carriers.

The monthly reporting requirements are preempted by the ADA. Mot. at 22-27.

### D.   Act 311 Is Preempted by ANCA.

ANCA prohibits local proprietors from imposing any noise or access restrictions on Stage 2 aircraft (most helicopters with others potentially being quieter and further protected Stage 3 aircraft) unless the

proprietor complies with the procedural requirements set forth in Part 161 for the study, public comment on and FAA review of the restrictions. 49 U.S.C. § 47524(b); 14 C.F.R § 161.205(a). Defendant concedes that ANCA applies to Stage 2 aircraft. Opp. at 8-9. Defendant does not dispute (and thereby concedes) that HAI's members operate Stage 2 aircraft. *Id.*; *see Yonemoto*, 2015 WL 1863033, at *7. Defendant does not dispute (and thereby concedes) that it failed to comply with the procedural requirements set forth in Part 161. Opp. at 8-9; *see Yonemoto*, 2015 WL 1863033, at *7. Defendant does not dispute (and thereby concedes) that the proprietary powers exception does not apply to ANCA. Opp. at 8-9; *see Yonemoto*, 2015 WL 1863033, at *7.

Defendant's only arguments regarding ANCA are that the monthly reporting requirements (1) do not "prohibit or limit access to airports" and (2) are "not dependent upon aircraft type, and apply equally to all air tour operators," and "[a]ccordingly, the state legislature, and not the Federal process, was the appropriate means of publication, discussion and approval." Opp. at 8-9.

The first argument is belied by HRS § 261-12(b), which makes the reporting requirements a condition of obtaining or renewing a permit for

airport access and Defendant's concession that the reporting require-ments are a "condition of permit renewal." HRS § 261-12(b) ("[N]o tour aircraft operation shall be permitted in any airport under the State's con-trol without having a permit. The director shall adopt rules to regulate tour aircraft operations by permit, which shall include … [the monthly reporting requirements]; Opp. at 4-5 ("[T]he additional reporting require-ment… is merely an expansion of the longstanding conditions for air tour operators to maintain their permits.").

Regarding the second argument, pursuant to ANCA, a state re-striction that "affects" Stage 2 aircraft is preempted, irrespective of whether it narrowly applies to only Stage 2 aircraft. 49 U.S.C. § 47524(b); 14 C.F.R § 161.205(a). Indeed, ANCA's implementing regulations define "noise or access restrictions" to include "restrictions (including but not limited to provisions of ordinances and leases) **affecting access or noise that affect the operations of Stage 2 or Stage 3 aircraft**, such as limits on the noise generated on either a single-event or cumulative basis." 14 C.F.R. § 161.5 (emphasis added). For example, the Second Cir-cuit's decision in *Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, arose from a regulation that included a nighttime curfew and

13

other restrictions on all aircraft. 841 F.3d at 141. There was no suggestion that those restrictions were outside the scope of ANCA because they included aircraft other than Stage 2 and 3 aircraft. *Id.* at 147-155.

As Defendant concedes, the monthly reporting requirements apply "to all air tour operators." Opp. at 9. There is no exemption for Stage 2 aircraft. Accordingly, the reporting requirements are preempted by ANCA. Mot. at 28-30.

### E.   Permit Requirements Do Not Escape Federal Review.

Defendant argues that "a licensing requirement is not in and of itself preempted by federal law," and therefore, "[t]he reporting requirement is an allowable condition of permit renewal." Opp. at 4. Defendant further argues that the conditions of permit renewal are reasonable and "assist [Defendant] in intelligently performing his duty under HRS § 261-12(b)(5) which requires" Defendant to "adopt rules to regulate tour aircraft operations by permit" and provide a "written assessment … of the impact of the surrounding area and to the subject state airport." *Id.* at 6. Finally, Defendant asserts that "the additional reporting requirement of (HRS) § 261-12(b)(8) is merely an expansion of the

longstanding conditions for air tour operators to maintain their permits." *Id.* at 5.

These arguments are devoid of merit. As an initial matter, whether state and local regulations are reasonable and assist a state official "in intelligently performing his duty" have nothing to do with whether they are preempted by field preemption, conflict preemption, the ADA or ANCA. Defendant does not provide any supporting analysis or authorities for such an exception to preemption.

Defendant cites three cases for the proposition that state-imposed permit requirements are not preempted by federal law. Opp. at 4-5. The cases do not help Defendant. For example, one case did not deal with aviation. Another case did not deal with a permit to operate. The third case found various licensing requirements to be preempted. Most obviously, Plaintiffs do not assert that the mere requirement to have a permit is preempted. Rather, Plaintiffs argue that one of the conditions of obtaining a permit to operate—complying with the monthly reporting requirements—is preempted.  While doing nothing to show that Defendant is right, the cited cases support the conclusion that the reporting requirements are preempted.

In *California Coastal Commission v. Granite Rock Co.*, the Supreme Court considered the issue of whether a state permit requirement for mining was *per se* preempted by federal mining and environmental laws. The plaintiff did not challenge any particular permit condition. 480 U.S. 572, 577-580 (1987). The Supreme Court concluded it was not *per se* preempted because there was a possible set of permit conditions not in conflict with federal law. *Id.* at 588-589.

In *Goodspeed Airport LLC v. East Haddam Inland Wetlands & Watercourses Commission*, a private airport challenged a local permit requirement for removing trees on wetlands. 634 F.3d 206, 207-208 (2d Cir. 2011). The Second Circuit reiterated that "Congress has established its intent to occupy the entire field of air safety, thereby preempting state regulation of that field," but concluded that preemption did not extend to the generally applicable land use regulation regarding wetlands. *Id.* The court further concluded that the permit requirement for removing trees on wetlands had too remote of an impact on air carriers for ADA preemption. *Id.* Here, the monthly reporting requirements are not generally applicable land use regulations. Rather, they directly impact air carriers and legislate in a field occupied by federal law.

16

Finally, in *Blue Sky Entertainment, Inc. v. Town of Gardiner*, an operator challenged a town ordinance that required small airports and parachute jumping centers to obtain licenses. 711 F.Supp. 678 (N.D.N.Y. 1989). The court concluded that "a mere requirement of a license" was not preempted. *Id.* at 693. The court held, however, that numerous provisions of the ordinance were preempted, including the following:

- Provisions that prohibit the operation of airports and parachute jumping unless the airports have complied with federal, state and country regulations were preempted "[t]o the extent … that the Town places itself in a position of enforcing federal regulations." *Id.*

- A provision requiring the applicant to provide a description of each plane that will be utilized by the parachute jumping center was preempted because "[f]ederal law addresses the registration of aircraft." *Id.* at 693-694

- A provision relating to insurance requirements for parachute jumping and flights was preempted because "the United States, not the individual States, exercise sovereignty over federal airspace," and the requirements would "intrude on the [U.S.] Secretary [of Transportation]'s mandate to prescribe rules and regulations for the efficient utilization of navigable airspace." *Id.* at 694.

- Provisions setting forth extensive mechanisms for monitoring and enforcing noise limits of aircraft taking-off and landing was preempted. *Id.* at 694 (noting "[w]ith the exception of reasonable proprietary regulations, the courts have uniformly struck down attempts by local governments to regulate the noise of aircraft" and citing cases).

17

To be plain, *Blue Sky* eviscerates Defendant's argument that requirements that are part of a permit process are immunized from preemption.

Like the preempted provisions of *Blue Sky*, the monthly reporting requirements are an attempt to monitor compliance with federal regulations and regulate noise from aircraft. These requirements intrude on the federal government's sovereignty in regulating federal airspace. The monthly reporting requirements are preempted by field preemption, conflict preemption, the ADA, and ANCA. *See supra*, at Sections II.A-D; Mot. at Sections IV.A-D.

Finally, Defendant's argument the reporting requirements are not preempted because they are an "expansion" of existing permit requirements is puzzling. Defendant does not cite a single authority supporting any such exception. Nor would any such exception make sense as the "expanded" portion of regulations could be preempted even if the prior regulations were not preempted or the prior regulations themselves could be preempted (for reasons similar to those discussed here) even though no one has challenged them.

## III.   CONCLUSION

The Court should grant Plaintiffs' Motion for Summary Judgment.

DATED: Honolulu, Hawaiʻi, May 31, 2024.

CADES SCHUTTE
A Limited Liability Law Partnership

*/s/ Lisa K Swartzfager*
CALVERT G. CHIPCHASE
LISA K. SWARTZFAGER
Attorneys for Plaintiffs
HELICOPTER ASSOCIATION
INTERNATIONAL and SAFARI
AVIATION, INC. d/b/a SAFARI
HELICOPTERS HAWAIʻI